No. 25.—Bryant J. Wasden, plaintiff in error, *vs.* The State of Georgia, defendant in error.

[1.] An indictment for adultery and fornication against a single person, is, under the Code, good.

[2.] The doctrine of the reasonable doubt in criminal cases, extends to cases of every degree.

Indictment, for adultery and fornication, in Jefferson Superior Court. Tried before Judge Holt, June Term, 1855.

Bryant J. Wasden was indicted for the offence of " adultery and fornication." On the trial, a motion was made to quash the indictment, on the ground that this offence could not be charged against one person. The Court refused the motion, and Counsel for prisoner excepted.

After the evidence was closed, the Counsel for defendant requested the Court to charge—1st. That the circumstances of the case should not only be consistent with guilt, but inconsistent with any other rational conclusion. The Court refused so to charge, but instead, charged as follows: " I will not charge you in the words of the request; but do charge, as I have done, that it is not necessary to prove the fact by positive evidence, but the same may be proven by circumstances; that you must be satisfied, to a reasonable certainty, of the defendant's guilt, from those circumstances," and defendant excepted. 2d. The Court was requested to charge, that if the Jury had reasonable doubts as to defendant's guilt, they ought to acquit him. The Court so charged, with this qualification: that in lesser grades of offences, such as misdemeanors, &c. this rule is somewhat relaxed. To this qualification, defendant excepted.

Upon these several exceptions, error has been assigned.

Pottle, for plaintiff in error.

Attorney Gen'l Shewmake, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Can a single person be indicted for adultery and fornication?'

Section five of the tenth division of the Penal Code is as. follows : "Any man and woman who shall live together in a state of adultery or fornication, or of adultery and fornication,. or who shall otherwise commit adultery or fornication, or adultery and fornication, shall be severally indicted, and on conviction, such offenders shall be severally fined or imprisoned," &c.

[1.] The *offences* here prohibited are all *joint* offences. Each is the offence of a man and woman acting jointly. The remedy here provided, is, however, a *several remedy*—is a separate indictment against each—the man and the woman. Had the remedy been also joint, there would not have been even the appearance of incongruity in the language of the section. But the Legislature had power to prescribe a separate suit for a joint offence. And they have only exercised that power in this section. The indictment, therefore, though against the man alone, was good.

The first request to charge was, in the opinion of this. Court, a request to charge what was the law. But the Court, although refusing to give that request in the words of the request, gave in other words, as we think, the substance of it.. And there was, in this case, no motion for a new trial. Had there been, this point might, under the New Trial Act of 1854,. be material.

The second request was also, as we think, right. We know not of any law which makes the doctrine of the reasonable doubt in criminal cases apply not to "the lesser grades of offences," but only to the greater. The doctrine, as laid down by text writers, on evidence, extends equally to cases of every degree. *Starkie's* language is, "The distinction between full proof and mere preponderance of evidence, is, in its application, very important. In all criminal cases whatsoever, it is.

essential to a verdict of condemnation, that the guilt of the accused should be fully proved; neither a mere preponderance of evidence, nor any weight of preponderant evidence, is sufficient for the purpose, unless it generate full belief of the fact, to the exclusion of all reasonable doubt." (1 *Stark. Ev.* 478.)

This language has been adopted by this Court in *Giles vs. The State of Georgia,* (6 *Ga.* 285.) It has other sanctions. See 3 *Greenleaf's Ev.* §29, *and notes.*

[2.] We think, therefore, that the Court below should have granted this request without a qualification, that excluded from the doctrine of the reasonable doubt the "lesser grades of offences;" and so, that there ought to be a new trial.

The other exceptions were abandoned.