NANCY BIGBY, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

When an indictment charged and accused an unmarried woman with the offense of "fornication," for that she had sexual intercourse with a married man:

*Held*, That the indictment was bad, on special demurrer thereto, that the offense should have been charged as "adultery and fornication," in the language of the Code defining the offense.  McCay, Judge, dissenting.

Criminal pleading.   Before Judge HARRELL.   Randolph Superior Court.   May Term, 1871.

The indictment charged Nancy Bigby "with the offense of fornication.  For that the said Miss Nancy Bigby, an unmarried woman, on the 11th day of February, in the year 1871, in the county aforesaid, did then and there unlawfully and with force and arms, cohabit and have sexual intercourse

with one James A. Foster, then and there being lawfully married to another woman," contrary, etc. This indictment was demurred to, because the facts charged against her make adultery and fornication, and not fornication. The Court overruled the demurrer. She was convicted. There was a motion for a new trial, upon the grounds that the Court erred in overruling said demurrer. The Court refused a new trial, and error is alleged on said ground.

DOUGLASS & CHASTAIN; WOOTTEN & HOYLE; R. F. LYON, for plaintiff in error, relied on 18 Ga. R., 264.

J. H. TAYLOR, Solicitor General, pro tem.; B. S. WOR-RILL, for the State, cited R. Code, secs. 4555, 4460; 11 Ga. R., 53, 225; 24th, 191; 17th, 130; 26th, 614; 3 Kelly, (Ga. R.,) 418; Bouv. Dic., 81, 591; 1 Yeates R., 6; 2 Dallas. R., 124. The name of offense is not material: 3 Kelly, 21; 31 Ga. R., 206.

WARNER, Judge.

The defendant was indicted for the offense of fornication. It is alleged in the indictment, that "said Nancy Bigby, an unmarried woman, on the 11th day of February, 1871, in the county aforesaid, did then and there unlawfully and with force and arms, cohabit and have sexual intercourse with one James A. Foster, then and there being lawfully married to another woman, contrary to the laws of said State," etc. There was a demurrer to the indictment, on the ground that an unmarried woman cannot commit fornication with a married man. The Court overruled the demurrer, and the defendant excepted. The 4460th section of the Code declares, that "any man and woman who shall commit adultery or fornication, or adultery and fornication, shall be severally indicted," etc. This section of the Code contemplates three distinct offenses: adultery, fornication, adultery and fornication. If a married man and married woman, unlawfully co-

habit together, they are guilty of the offense of adultery. If an unmarried man and an unmarried woman cohabit together, they are guilty of the offense of fornication. If a married man and unmarried woman cohabit together, they are guilty of the offense of adultery *and* fornication. To constitute the last named offense, one of the parties must be married and the other unmarried. The unlawful cohabitation of a married man and an unmarried woman, is not adultery, nor is it fornication, in the meaning of the Code; but it is adultery *and* fornication, and should be so charged in the indictment. The demurrer to the indictment, which charged the defendant with the offense of fornication, having been made at the time and in the manner as prescribed by the Code, should have been sustained, and the Court below erred in overruling the demurrer to the indictment.

Judgment reversed.

LOCHRANE, Chief Justice, concurred, but furnished no written opinion.

McCAY, Judge, dissenting.

This Court is, I think, committed to the position that the facts set out in this indictment, constitute, under the statute, the offense of "fornication and adultery," and not the offense of fornication. I do not, therefore, put my dissent on the ground that the facts stated do make a case of fornication. My judgment is, that the indictment sets forth all the facts necessary to constitute an offense by the laws of Georgia. It charges that on a certain day, in a certain county, the defendant being then and there an unmarried woman, did have carnal connection with James Foster, a married man. Under section 4458 of the Code, this constitutes a crime, for which the section fixes a penalty. The Code gives no "name" to this offense ; it simply says, that any man and woman, who shall commit adultery, or fornication, or adultery and fornication, shall be," etc. It does not

say that any person doing certain acts shall be guilty of "fornication," etc., but any man and woman who shall commit an act of fornication, etc., shall be punished, etc. Suppose a statute were to say, that any man who shall, unlawfully, beat another, shall be punished, etc? Would not the indictment be good which set forth the time and place and facts of beating, and would it make any difference whether the pleader *called* it a misdemeanor, assault and battery, beating, or what not? I think not. That part of this indictment which charges the defendant with fornication, generally, is merely formal. The pleader might have charged her with a misdemeanor, and any other thing which would be a *general* description of the offense, or he might have left out that part of the indictment altogether. He might have merely said, charge and accuse ........., that the said ........ did, on ..., and at ..., she being, etc., have carnal connection, etc. The law gives no name to the offense, and it was unnecessary and mere surplusage to name it. The offense consists in the acts charged, and they are left undefined by the Code. I think this indictment conforms to the requirements of section 4535 of the Code. It sets forth the offense charged in the language of the Code, and is sufficient.