## KENDRICK *v.* THE STATE.

1. Under section 381 of the Penal Code there are three distinct kinds of indictable sexual intercourse, viz: adultery, fornication, and adultery and fornication, the offense in each instance being a joint one. If both the parties to its commission are married, each is guilty of adultery; if both are single, each is guilty of fornication; if one is married and the other single, each is guilty of adultery and fornication.
2. The decision of this court in *Cook* v. *The State*, 11 *Ga.* 53, is not in conflict with the above note; the indictment in that case having been founded on another section of the code (now embraced in section 380 of the Penal Code) which prohibits incestuous fornication, or incestuous adultery, without making incestuous adultery and fornication a distinct offense.
3. The decision in *Butt* v. *The State*, 33 *Ga. Sup.* 56, upon a review thereof is overruled.
4. The indictment in the present case charging the accused, a married man, with committing adultery with a named woman, alleged to be married, and the proof showing she was not married, the verdict of guilty cannot be upheld.

Argued February 16,—Decided March 4, 1897.

　　Indictment for adultery. Before Judge Ross. City court of Macon. December term, 1896.

　　*John R. Cooper*, for plaintiff in error.
　　*Robert Hodges, solicitor-general,* contra.

Cobb, Justice.

The indictment in this case charged that Kendrick, "a married man," had committed the offense of living in a state of adultery with Lizzie Howard, "a married woman." Upon the trial it appeared that Kendrick was married, and that the woman was single. The accused was found guilty generally, and his motion for a new trial being overruled, he excepted.

Section 381 of the Penal Code provides: "Any man or woman who shall live together in a state of adultery, or fornication, or of adultery and fornication, or who shall commit adultery or fornication, or adultery and fornication, shall be severally indicted and shall be severally punished as for a misdemeanor." Under this section there are three distinct kinds of indictable sexual intercourse, viz: adultery, fornication, and adultery *and* fornication; the offense in each case being a joint one. If both parties to the criminal act are married, each is guilty of adultery; if both are single, each is guilty of fornication; if one is married and the other single, each is guilty of adultery *and* fornication. The act which is now embraced in the section quoted was construed as above indicated in the case of *Wasden* v. *The State*, 18 *Ga.* 264, where it was held that a single person who had been guilty of illicit sexual intercourse with a married person was properly indicted for adultery and fornication. In the case of *Foster* v. *The State*, 41 *Ga.* 582, it was held that a man and woman charged with one of the offenses named in this section could not be indicted jointly. While Judge McCay in the opinion does say, "One may be guilty of adultery and the other of fornication," the question of the form of the indictment was not involved in this case, except so far as related to the provision which required that the two offenders should be separately indicted. Therefore, there was nothing in *Foster's* case which is in conflict with *Wasden's* case. In the case of *Bigby* v. *The State*, 44 *Ga.* 344, Judge McCay, while dissenting from the judgment as rendered, on the ground that the indictment sufficiently charged

the offense of fornication and adultery, says: "This court is, I think, committed to the position that the facts set out in the indictment constitute, under the statute, the offense of fornication and adultery, and not the offense of fornication." In the case of *Williams* v. *The State*, 86 *Ga.* 548, the accused was indicted for the offense of fornication and adultery with one Fannie Smith, alleged to be an unmarried female, and the proof showing that she was married, a verdict of guilty was held to be contrary to the evidence. This decision follows the cases of *Wasden* and *Bigby.* These three cases, without referring to each other, seem to agree upon the construction to be placed upon the section of the Penal Code under consideration. There is nothing in conflict with this view in the case of *Cook* v. *The State*, 11 *Ga.* 53, as the indictment in that case was not under the act which is now section 381 of the Penal Code, but was under another act, now section 380 of the Penal Code, which relates to the subject of incestuous fornication and adultery. Incestuous sexual intercourse under this section is indictable either as fornication, or as adultery, according to whether the person indicted is single or married, without regard to the condition, in this respect, of the other person participating in the criminal act, and this section does not create any such offense as incestuous fornication and adultery. The difference between the two sections is that under section 381 the offense is a joint one, and under section 380 it is not. *Powell* v. *The State*, 44 *Ga.* 209.

The case of *Butt* v. *The State*, 33 *Ga. Sup.* 56, is in conflict with the interpretation placed upon the law now embraced in section 381 by the cases of *Wasden, Bigby,* and *Williams,* and as we are satisfied that these three cases were correctly decided, the decision in *Butt's* case, upon a review of the same, is overruled. From the conclusion we have reached, it follows, therefore, that, as the accused was convicted of adultery, when the proof showed that he was guilty of the offense of fornication and adultery, the verdict was

contrary to law, and the judgment of the court below should be reversed for not granting a new trial.

*Judgment reversed. All the Justices concurring.*