Janssen v. The People.

---

## Henry Janssen et al. v. The People of the State of Illinois.

### Gen. No. 12,897.

1. ADULTERY—*statute making living together in open state of, construed.* The statute mentions three distinct offenses: first, the living together in an open state of adultery; second, the living together in an open state of fornication; and third, the living together in an open state of adultery and fornication.

2. VERDICT—*when not responsive.* A verdict in a criminal prosecution where the indictment charges "living together in an open state of adultery and fornication" is not responsive where it finds one of the defendants "guilty of fornication in manner and form as charged in the indictment" and the other defendant "guilty of adultery in manner and form as charged in the indictment."

Criminal prosecution. Error to the Criminal Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in this court at the March term, 1906. Reversed and remanded. Opinion filed January 7, 1907.

CHARLES HUGHES and F. H. NOVAK, for plaintiffs in error.

JOHN J. HEALY, State's Attorney, and JOHN R. NEWCOMER, for defendant in error; DOUGLAS PATTISON and F. L. BARNETT, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

Henry Janssen and Carrie F. Coffman were indicted for living together "in an open state of adultery and fornication." The indictment consisted of eight counts. A *nolle prosequi* was entered as to the first four counts, and the cause was tried on the remaining counts. It is charged in the fifth count "that Henry Janssen and Carrie F. Coffman, late of the county of Cook, on the 21st day of August, in the year of our Lord 1904, in said county of Cook, in the state of Illinois, aforesaid, unlawfully did live together in an open state of adultery and fornication, he, the aforesaid Henry Janssen, then being a single man, and she, the said Carrie F. Coffman, then being a married woman, contrary to the statute," etc.

In each of the succeeding counts the offense charged against plaintiffs in error is the having unlawfully lived together in an open state of adultery and fornication. The jury returned a verdict as follows: "We, the jury, find the defendant, Henry Janssen, guilty of fornication in manner and form as charged in the indictment; and we, the jury, find the defendant, Carrie Coffman, guilty of adultery as charged in the indictment."

The statute on this subject is: "If any man and woman shall live together in an open state of adultery, or fornication, or adultery and fornication, every such person shall be fined," etc.

Here three distinct offenses are mentioned: (1) The living together in an open state of adultery. (2) The living together in an open state of fornication. (3) The living together in an open state of adultery and fornication.

In Kendrick v. The State, 100 Ga. 360, the court so construed a statute of the state of Georgia in the

exact language of our statute, except as to the punishment. It is not the commission of adultery merely, or of fornication merely—which constitutes the offense charged in the indictment, but the living together in an open state of adultery and fornication. In Searls v. The People, 58 Ill. 59, the court say: "In order to constitute this crime, the parties must dwell together openly and notoriously, upon terms as if the conjugal relation existed between them. There must be an habitual illicit intercourse between them. The object of the statute was to prohibit the public scandal and disgrace of the living together of persons of opposite sexes, notoriously in illicit intimacy, which outrages public decency, having a demoralizing and debasing influence upon society." Neither adultery nor fornication is charged in the indictment as a substantive offense; neither, considered alone, is a statutory crime in this state, and neither is indictable at common law. 2 Wharton's Crim. Law, 9th ed. Sec. 1717; 1 Bishop's New Crim. Law, Sec. 38.

The jury found "Henry Janssen guilty of fornication in manner and form as charged in the indictment," and "Carrie F. Coffman guilty of adultery in manner and form as charged in the indictment." Neither fornication nor adultery, considered alone, being a crime, or charged as such in the indictment, the verdict is not responsive to the indictment, which charges the offense of unlawfully living together in an open state of adultery and fornication. We think it too plain to require argument that the verdict does not find that plaintiffs in error were living together in an open state of adultery and fornication. The verdict, therefore, is not sufficient on which to base a judgment.

"In criminal cases the only verdict which a jury can render, under the law, is a general one, a verdict of guilty or not guilty, which is a decision both on the law and the facts." 29 Am. & Eng. Cyclopædia, 2 ed.

Although the clerk has certified the transcript "to be a true, perfect and complete copy of the record," no judgment is contained in the record proper, which is an inexcusable omission, on the hypothesis that there was a formal judgment of record when the transcript was prepared. However, it is recited in the bill of exceptions, that the court sentenced each of the defendants, on the verdict of the jury, fixing the punishment of the defendant, Henry Janssen, at imprisonment in the house of correction for two months, and the defendant, Carrie F. Coffman, to imprisonment in the county jail for two months.

What has been said is sufficient to dispose of the appeal, and we will only say, in respect to the evidence, which we have carefully read and considered, that we do not think it proven beyond a reasonable doubt, that plaintiffs in error lived together in an open and notorious state of adultery and fornication. Inasmuch as the case may be retried, we do not think it expedient to comment, at greater length, on the evidence.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*