## COX *v.* LANIER.

Under the provision contained in the Penal Code of 1895, § 381, that, in prosecutions for adultery, fornication, or adultery and fornication, "it shall, at any time, be within the power of the parties to prevent or suspend the prosecution and the punishment by marriage, if such marriage can be legally solemnized," where a man was convicted of fornication, and then lawfully married the woman with whom the offense was committed, but was afterwards sent to the chain-gang in accordance with the sentence based on the verdict of conviction, there was no error in discharging him from custody under a writ of habeas corpus.

Submitted June 15,—Decided December 24, 1909.

Habeas corpus. Before Judge Rawlings. Bulloch superior court. December 5, 1908.

*Fred. T. Lanier,* for plaintiff in error.    *Strange & Cobb,* contra.

LUMPKIN, J.   T. J. Lanier sued out a writ of habeas corpus against T. R. Cox, superintendent of the county chain-gang of Bulloch county. The case was submitted to the presiding judge under the following agreed statement of facts: Callie Lanier was convicted of fornication. Before being placed in the chain-gang he was legally married to the woman with whom he was charged to have committed the act. He was confined in the chain-gang under the sentence imposed in the case. The presiding judge sustained the writ of habeas corpus, and ordered that Lanier be released. The defendant excepted.

The single question involved in this case is whether a man who had been convicted of fornication, and afterwards was lawfully married to the woman with whom the offense was committed, but was nevertheless confined in the chain-gang under the sentence imposed upon him, was properly discharged therefrom upon writ of habeas corpus. Formerly in England fornication was punished in the ecclesiastical courts, whether open and notorious or not; but it was not recognized or punished as a crime at common law, unless committed openly and notoriously, so as to constitute a public nuisance. It was not punished merely because of the act of illicit intercourse, but because of the publicity with which it was committed. 13 Am. & Eng. Enc. Law (2d ed.), 1119, and citations. By the Penal Code of 1817 adultery, fornication, and adultery and fornication were declared to be offenses punishable by fine, and the guilty party might also be imprisoned in the common jail. It was

then declared: "But it shall at any time be in the power of the parties to prevent or suspend the prosecution by marriage, if such marriage can be legally solemnized." Prince's Digest of 1822, 365. The word "punishment" was not there employed. In the Penal Code of 1833 (Cobb's Digest, 814), adultery, fornication, and adultery and fornication were declared to be offenses punishable by fine or imprisonment. It was then provided: "But it shall at any time be in the power of the parties to prevent or suspend the prosecution and the punishment, by marriage, if such marriage can be legally solemnized." It will be noted that this provision of the Penal Code of 1833 differed from the corresponding one in the Penal Code of 1817, in that it provided not only for the prevention or suspension of the prosecution at any time by the marriage of the parties, but of the "prosecution and the punishment." As there could be no punishment until after conviction, and the prevention or suspension of the prosecution at any time would necessarily prevent a conviction, the addition of the words, "and the punishment," in the Penal Code of 1833 would be mere surplusage, unless they are to be given some additional force. If they are to be given any effect, it would seem that it must have been the intention of the legislature to have not only provided a mode of stopping the prosecution, but also of stopping the punishment. The general purpose of the legislation upon this subject was to discourage and prevent illicit sexual intercourse and to encourage marriage. It would appear to have been the legislative purpose to allow the lawful marriage of the parties after conviction to terminate the punishment, as well as before conviction to terminate the prosecution. The provision for preventing or suspending the prosecution and the punishment, by means of the marriage of the parties, as it was enacted in the Penal Code of 1833, is identical with that as it now stands in the Penal Code of 1895, §381, except that the expression, it shall be "in" the power, now reads that it shall be "within" the power; but this is entirely an immaterial verbal change.

It was sought to analogize the statute under consideration to that in regard to stopping a prosecution for seduction, as contained in §388 of the Penal Code, as amended by the act of Dec. 20, 1899 (Acts 1899, p. 43). In construing this last-mentioned section, it was held by this court that the prosecution may be stopped by a bona fide and continuing offer of marriage on the part of the al-

leged seducer, if such offer is made at any time before arraignment and pleading, but not otherwise. *Jinks* v. *State,* 114 *Ga.* 432 (40 S. E. 320). It was contended on behalf of the plaintiff in error that this ruling was applicable to the present case. Such contention is not well founded. The two statutes are quite different. Fornication is a misdemeanor, while seduction is a felony. In the statute relating to the former, as already noted, it is declared that the parties may by marriage prevent or suspend the prosecution and the punishment; in the statute relating to the latter offense it is provided that the prosecution may be stopped by the marriage of the parties or a bona fide continuing offer to marry on the part of the seducer, provided that he shall give bond for the maintenance and support of the female and her child or children, if any, for a period of five years, or, if he be unable to give bond, that the prosecution shall not be at an end until he shall have lived with the female for five years. No reference is made in the last-named statute to the suspension of the punishment by name. By the amending act of 1899 it was expressly provided that the prosecution may be stopped "before arraignment and pleading, and not otherwise." The statute on the subject of fornication contains no such provision as does that on the subject of seduction.

For the reasons given above, there was no error, upon the return of the writ of habeas corpus, in directing that the person convicted of fornication, who afterwards married the woman with whom the offense was committed, be discharged from custody.

*Judgment affirmed.: All the Justices concur.*