26675. HATHCOCK *v.* THE STATE.

DECIDED FEBRUARY 15, 1938.

B. J. *Stevens, Casey Thigpen,* for plaintiff in error.

J. *Cecil Davis, solicitor-general,* contra.

GUERRY, J. Johnny Hathcock was charged with adultery and fornication, in that he being a married man, and one Louise Kent being an unmarried woman, did, on August 19, 1936, have sexual intercourse. The jury returned a verdict finding him guilty, and exceptions are taken to the overruling of his motion for new trial.

The evidence of the State made out the following case: The defendant intermarried with Vera May Smith in March, 1925. They separated in June, 1934, and in October or November, 1935, she obtained a divorce. On the 29th day of October, 1934, the defendant entered into a ceremonial marriage with Louise Kent in South Carolina. In the spring of 1935, and perhaps prior to that time, the defendant and Louise Kent lived in the home of her parents in Glascock County, Georgia, as man and wife, using the same room and occupying the same bed. Since their marriage in 1934, up to the time of the trial, they have lived in this county as man and wife, holding themselves out to the world as such. They have one child born to them in July, 1936, some several months prior to the trial of the present case.

The charge with which the defendant stands convicted merely involves proof of an act of sexual intercourse between himself, a married man, and Louise Kent, an unmarried female. *Bigby* v. *State,* 44 *Ga.* 344; *Williams* v. *State,* 86 *Ga.* 548 (12 S. E. 743); *Kendrick* v. *State,* 100 *Ga.* 360 (28 S. E. 120). The State's evidence that within two years prior to the finding of the indictment the defendant and Louise Kent lived together in the county of the trial, as man and wife, and occupied the same room and the same bed, was sufficient for the jury to find that they had had sexual intercourse. In this connection see *Eldridge* v. *State,* 97 *Ga.* 192 (23 S. E. 832); *Hunt* v. *State,* 81 *Ga.* 140 (7 S. E. 142); *Ivey*

v. *State,* 23 *Ga.* 576. The State further proved that the defendant was married to Vera May Smith in 1925, and that this marriage was not dissolved until October or November, 1935, and the evidence authorized the jury to find the commission of an act of sexual intercourse prior to this time. Assuming that the crime of adultery and fornication is thereby sufficiently made out, even though the evidence discloses that the defendant and the woman with whom he is alleged to have committed the unlawful act of sexual intercourse had, prior to such act or acts, actually entered into a ceremonial marriage, though he had a living wife at that time, we are of the opinion that the evidence otherwise affirmatively shows that under the provisions of Code, § 26-5801, the present conviction of defendant is not authorized. That section is as follows: "Any man and woman who shall live together in a state of adultery or fornication, or of adultery and fornication, or who shall otherwise commit adultery or fornication, or adultery and fornication, shall be severally indicted, and shall be severally punished as for a misdemeanor; but it shall, at any time, be within the power of the parties to prevent or suspend the prosecution and the punishment by marriage, if such marriage can be legally solemnized." Under this section it has been held that if a man be convicted of adultery and fornication and he thereafter marries the woman with whom he was alleged to have committed the crime, this would suspend the punishment and that he should be discharged from custody. *Cox* v. *Lanier,* 133 *Ga.* 682 (66 S. E. 799).

It is equally apparent from this section that the marriage of the parties prevents a prosecution for the prior offense. As we said in the *Cox* case, supra: "The general purpose of the legislation upon this subject was to discourage and prevent illicit sexual intercourse and to encourage marriage. It would appear to have been the legislative purpose to allow the lawful marriage of the parties after conviction to terminate the punishment, *as well as before the conviction to terminate the prosecution.*" Since common-law marriages are recognized in this State (*Smith* v. *Smith,* 84 *Ga.* 440, 11 S. E. 496, 8 L. R. A. 362; *Drawdy* v. *Hesters,* 130 *Ga.* 161, 60 S. E. 451, 15 L. R. A. (N. S.) 190), the provisions of the above section must be held applicable to them as well as to ceremonial marriages, a contrary intent not being expressed therein. If a man and a woman enter into an agreement to become

husband and wife, and in pursuance of such agreement enter into a state of cohabitation, they are legally married. *Drawdy* v. *Heslers,* supra; *Askew* v. *Dupree,* 30 *Ga.* 173. In the present case, at the time the defendant and Louise Kent entered into the ceremonial marriage he had a living wife, and therefore their marriage was illegal; however, the evidence also shows that in October or November, 1935, this prior marriage was dissolved, and that thereafter and up to the time of this prosecution the defendant and Louise Kent have continued to live together as man and wife. This conduct establishes a valid common-law marriage between them prior to the present prosecution. "Upon the dissolution of the subsisting marriage by death or by a competent decree of divorce, an intended marriage contracted in good faith by a party thereto prior to the removal of the disability is rendered valid and binding by the continued cohabitation of the parties to such union, as the original intention, to become husband and wife, is presumed to continue so as to effectuate a valid common-law marriage." 38 C. J. 1927. Our own Supreme Court has said in this connection: "If a ceremonial marriage is void on account of the husband's disability to contract marriage, and after the disability is removed the man and woman again agree and each accepts the other as a lawful spouse, and they cohabit with each other, holding themselves out to the world as husband and wife, they will be held to be lawfully married." *Heflinger* v. *Heflinger,* 161 *Ga.* 867 (132 S. E. 85); *Hamilton* v. *Bell,* 161 *Ga.* 739 (132 S. E. 83); *Hawkins* v. *Hawkins,* 166 *Ga.* 153 (142 S. E. 684) and cit.; *Harper* v. *Atlanta & W. P. R. Co.,* 33 *Ga. App.* 259 (3) (125 S. E. 885). Thus, even conceding that in a case of this character, that when the defendant and Louise Kent entered into their marriage there would be no presumption that the prior marriage had been legally dissolved by one of the parties thereto (see statement of this rule in *Belle Isle* v. *Belle Isle,* 47 *Ga. App.* 168, 170 S. E. 211), and that the evidence for the State made out a case of adultery and fornication in August, 1935, it further affirmatively appears that since October or November, the date of the divorce by the defendant's first wife, they have, by mutual agreement and conduct, become man and wife. Therefore, under the provisions of the Code that a marriage of the parties will prevent a prosecution for such offense between them, the conviction of the defendant is contrary to law.

This section of the Code embodies a salutary rule of law, and we are sure that the best interests of society are being thereby protected.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*