## Longstreet v. Longstreet.

Wyatt, Justice. 1. It is now the well-settled law of this State that, where there is more than one marriage, the law presumes the last marriage to be valid; and the burden is upon the one attacking it to overcome this presumption by proving its invalidity. *Nash* v. *Nash,* 198 *Ga.* 527 (32 S. E. 2d, 379); *Reed* v. *Reed,* 202 *Ga.* 508 (43 S. E. 2d, 539). Where a party to a ceremonial marriage attacks its validity upon the ground that the opposite party to the marriage contract was incapable of entering into a valid marriage because of a previous undissolved marriage, the party attacking the second marriage is not aided by the presumptions, ordinarily existing, of the continuance of a valid marriage, once proved, and of the continuance of life for seven years (Code, § 38-118); such presumptions must yield to the presumption of the validity of the last marriage, founded upon the presumption that the former marriage had been dissolved by divorce or death. *Nash* v. *Nash,* supra.

2. The presumption as to the validity of the second marriage can be negatived only by disproving every reasonable possibility. The invalidity of the marriage attacked must be shown by clear, distinct, positive, and satisfactory proof. *Reed* v. *Reed,* supra; *Brown* v. *Parks,* 173 *Ga.* 228 (160 S. E. 238).

3. Applying the foregoing principles to the evidence in this case, the presumption that the prior marriage had been dissolved by divorce was not overcome by the admission of the wife that she had not obtained a divorce from her former husband, because "mere proof that one party had not obtained a divorce is not sufficient, for the other party might have obtained a divorce which would remove the legal impediment." *Reed* v. *Reed,* supra.

4. Excluding hearsay testimony, which, though unobjected to, is without probative value, the evidence in this case showed merely that a former spouse of the defendant was last seen by her in 1927, about six months after their separation, which was slightly less than seven years prior to the second marriage; and that neither party to the present litigation knew whether the former spouse was living or dead. Such evidence was clearly insufficient to overcome the presumption that the former marriage had been dissolved by death. "Where the presumption of the validity of a marriage, arising from the performance of a ceremony, conflicts with the presumption of a continued life of a former spouse of one of the parties, if neither is aided by proof of facts or circumstances corroborating it, the presumption of the validity of the second marriage will prevail over the presumption of the continuance of life of the former spouse." *Murchison* v. *Green,* 128 *Ga.* 339 (57 S. E. 709, 11 L. R. A. (N. S.) 702). The presumption that the first marriage was dissolved by death prevails irrespective of whether the time elapsing between the date the former spouse was last heard of and the second marriage was ten months or ten years. See *Murchison* v. *Green,* supra, and *Nash* v. *Nash,* supra, where the first marriage occurred in 1928, the wife admitted last seeing her first husband alive in 1934, she remarried in 1935, and the court held, "The evidence did not exclude the possibility of his having died before the date of her second marriage."

256

5. Under the foregoing rulings, the trial judge did not err in the judgment rendered.

*Judgment affirmed. All the Justices concur.*

No. 16631. MAY 10, 1949.

*Walter A. Sims*, for plaintiff.
*Stanley P. Meyerson*, for defendant.