## BROWN *v.* THE STATE.

No. 17525.    Argued July 9, 1951—Decided September 10, 1951.

*G. B. Cowart,* for plaintiff in error.

*Eugene Cook, Attorney-General, W. Glenn Thomas, Solicitor-General, Frank B. Stow* and *H. Grady Simmons, Assistant Attorneys-General,* contra.

WYATT, Justice. ■ (a) Special ground one complains that the court erred in holding Ida Mae Brown competent to testify against the defendant, for the reason that she was his common-law wife. Special ground two complains that the court erred in not submitting to the jury the competence of Ida Mae Brown to testify against the defendant. A common-law wife is not competent to testify against her common-law husband in a criminal action. Code, § 38-1604; *Allen* v. *State,* 60 *Ga. App.* 248 (3 S. E. 2d, 780). In this State there are three essentials to a valid marriage. They are: 1. Parties able to contract. 2. An actual contract. 3. Consummation according to law. Code, § 53-101. In the instant case there is no question raised as to the last two essentials; that is, that there was an actual contract and consummation according to law. The State contends, however, that the parties were not able to contract for the reason that each had a spouse living, from whom they had not obtained

a divorce, and therefore there could be no valid marriage between them.

The law favors the validity of marriages, and a marriage is presumed to be valid until its validity is negatived by disproving every reasonable possibility of its validity. *Longstreet* v. *Longstreet,* 205 *Ga.* 255 (53 S. E. 2d, 480); *State Highway Board of Georgia* v. *Lewis,* 46 *Ga. App.* 162 (167 S. E. 219); *Reed* v. *Reed,* 202 *Ga.* 508 (43 S. E. 2d, 539). "Marriage may be inferred from proof of cohabitation and that the parties held themselves out to the world as husband and wife, and such proof may be made by general repute among neighbors and others in a position to know the facts. In 1 Andrews' Am. L. (2d ed.), § 486, it is said: 'Where the only proof in the case is of continuous cohabitation, the presumption is that it was lawful. Where to this proof is added some affirmative proof of holding themselves out as man and wife, it adds so much to the force of the presumption, and length of time strengthens the probative force of the presumption. This presumption of marriage from connubial habit is one of the strongest known to the law, and is to be repelled only by clear evidence.' " *Chance* v. *Chance,* 60 *Ga. App.* 889 (5 S. E. 2d, 399). See also *Drawdy* v. *Hesters,* 130 *Ga.* 161 (4) (60 S. E. 451). "It is now the well-settled law of this State that, where there is more than one marriage, the law presumes the last marriage to be valid; and the burden is upon the one attacking it to overcome this presumption by proving its invalidity." *Longstreet* v. *Longstreet,* supra. See also *Nash* v. *Nash,* 198 *Ga.* 527 (32 S. E. 2d, 379). "While it is the rule that cohabitation, illicit in its inception, will be presumed to have so continued throughout the period of cohabitation, yet if, after the disability of the parties has been removed by lapse of time or otherwise, the cohabitation is continued, and the parties thereafter hold themselves out as man and wife, if the original illegal cohabitation was had in the absence of an attempted ceremonial marriage, a new and valid agreement of marriage will be presumed to have been entered upon, in the absence of anything appearing to the contrary." *Addison* v. *Addison,* 186 *Ga.* 155 (197 S. E. 232). See also *Pickren* v. *Pickren,* 190 *Ga.* 609 (10 S. E. 2d, 40); *Hathcock* v. *State,* 57 *Ga. App.* 334 (195 S. E. 308).

In the instant case, the witness and the defendant had co-

habited and held themselves out as man and wife for a period of more than 11 years. The testimony was that their friends and neighbors had considered them as man and wife throughout this period of time. Both had been previously married, but had separated from their former spouses, one about 1936, the other about 1937. Nothing has been heard from the former spouses for well over seven years, and the defendant and the witness have continued to hold themselves out to the world as husband and wife. The law presumes that life ceases after seven years' absence unheard from. Code, § 38-118. Therefore, to the presumptions as to the validity of the marriage as laid down in the cases above cited, is added the presumption that the former spouses are dead. The only evidence relied upon to rebut this presumption of death is the testimony that, since this trouble came up, the witness had heard that her former husband was in Kirkland, Georgia, but she had not investigated. There was no testimony regarding the former wife of the defendant. Without deciding what the result would be in this case under the circumstances here appearing if it were proved satisfactorily that the witness's former husband were living, we hold that the testimony relied upon is not sufficient to rebut the presumption of death, arising from seven years' absence unheard from, for the purpose of invalidating the marriage in the instant case.

(b) The only testimony in the instant case as to whether the witness and her former husband had been divorced was testimony that the witness had not obtained a divorce from her former husband. There was no testimony at all as to whether her former husband had or had not obtained a divorce from her. Nor was there any testimony at all regarding the former wife of the defendant. "Where a man contracted a second marriage while his first wife was still alive, it will be presumed, in favor of the validity of the second marriage, that the first marriage was legally dissolved by a divorce before the second marriage was entered into." *Brown* v. *Parks,* 173 *Ga.* 228 (160 S. E. 238). See also *Ward* v. *Ward,* 24 *Ga. App.* 695 (102 S. E. 35); *Nash* v. *Nash,* supra. "Mere proof that one party had not obtained a divorce is not sufficient, for the other party might have obtained a divorce which would remove the legal impediment." *Longstreet* v. *Longstreet,* supra. Under the rulings above made, the

ruling of the court below that the witness was competent to testify against this defendant in this case was error.

■ Special ground three complains of certain portions of the charge of the court, contending that the jury was charged that, if they could not reconcile the testimony of the witnesses with the statement of the defendant, they should believe the witnesses rather than the defendant. Considering the charge of the court as a whole, the portion of the charge complained of is not subject to this criticism.

■ Special ground 4 complains that the court "erred in failing to properly charge the jury on the question of justifiable homicide, it being the contention of the defendant that he was shooting at the deceased, Abe Barnamen, in self-defense." Special ground 5 complains that the court "erred in failing to properly charge the jury on the question of accident, it being the contention of the defendant that, if he shot the deceased, Johnny Mae Brown, it was accidental and was done while he was shooting at Abe Barnamen in self-defense." Under repeated rulings of this court, a complaint that the trial court failed to "properly charge the law" raises no question for this court to decide. In this case, however, since there must be a reversal on other grounds and consequently a new trial, we deem it proper to say that the question of accident was not involved under the evidence in this case. See, in this connection, *Curry* v. *State*, 148 *Ga.* 559 (97 S. E. 529); *Griffin* v. *State*, 183 *Ga.* 775 (190 S. E. 2); *Dunn* v. *State*, 116 *Ga.* 515 (42 S. E. 772). The only language used by the court concerning the defense of justifiable homicide, the sole defense, was as follows: "there must be, as stated, some actual assault by the person killed or an attempt to commit a serious personal injury upon the person killing, or other equivalent circumstances sufficient to arouse the fears of a reasonable man that his own life was in danger or a serious personal injury was about to be committed upon him; if you find this to be true, gentlemen, and the defendant shot under such fear, the shooting would be justified and you should acquit him." This language was used by the judge in connection with and intermingled with the charge on voluntary manslaughter. The jury should have been told that the defendant contended that the child was killed without any intention to do so while the defendant was at-

tempting to protect himself against a felonious assault made by Abe Barnamen, and that, if this were true, the defendant should be acquitted. The law of justifiable homicide should have been defined. See Code, §§ 26-1011 and 26-1017.

■ Special ground 6 complains that the charge of the court below regarding the quantum of proof required for a verdict of guilty placed less of a burden upon the State and a greater burden upon the defendant than the law requires. There is no merit in this contention. Considering the charge of the court as given as a whole, it is not subject to this criticism. For reasons stated in division one of this opinion, the judgment of the court below must be reversed.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., who dissents.*