18674.  TUGGLE *v.* THE STATE.

CANDLER, Justice. 1. The motion for new trial in this case is based on the same evidence and the same charge of the court as in *Fincher* v. *State,* ante; and, with the exception of a special ground which will be dealt with in the next division of this opinion, it contains grounds identical with those urged in Fincher's case. Hence the rulings there made are controlling in this case.

2. "A common-law wife is not a competent witness against her common-law husband in a criminal action." *Brown* v. *State,* 208 *Ga.* 304 (66 S. E. 2d 745). During the joint trial of this defendant and his co-indictee Fincher, Betty Lane was called as a witness for the State. This defendant questioned her competency to testify, contending that she was his common-law wife. Touching this issue, the evidence on the

preliminary examination was in substance as follows: Betty Lane testified that her husband, Lane, who was a soldier in the Korean conflict, had been missing in action since December 1, 1950. As his wife, she received a monthly check from the United States Government until December, 1953. The checks were payable to her as "Mrs. Betty Lane," and were endorsed by her as "Mrs. Betty Lane." On December 31, 1953, she received a notice from the United States Government that her husband would from that day hence be presumed dead. She had not lived with Tuggle since receiving such notice from the Government. In response to a question propounded by Bobby Tuggle's counsel, she said she had been living with Tuggle for a period of about three years prior to the date of his trial, and that she entered into an agreement with Tuggle about January 13, 1953, to be his common-law wife. In response to a question by the court, she said she never lived with Tuggle until after he opened his place of business in Newton County about two months immediately prior to December 13, 1953, and that she worked at Tuggle's place. In response to a question asked by the solicitor-general, she said that she had testified before the grand jury which investigated the robbery case against Tuggle, Fincher, and Hailey that she did not sleep with Tuggle; that she worked at Tuggle's place of business; and that she and Tuggle occupied separate rooms over his store. She also testified that Tuggle had never introduced her to anyone as his wife; that she had never introduced him to anyone as her husband, but had told some people in his absence that he was her husband; that he had never held her out in public to be his wife; that she had never held him out in public to be her husband; and that she had never traded with anyone as his wife nor bought anything on his credit. From this evidence, the trial judge found and held that she was not the common-law wife of Bobby Tuggle and required her to testify as a witness for the State. This ruling is complained of in special ground 3 of Tuggle's motion for new trial.

In *Drewry* v. *State*, 208 *Ga.* 239 (65 S. E. 2d 916), we pointed out the essentials of a common-law marriage in this State, and it is wholly unnecessary to restate them here; but we will dispose of this special ground of the motion by holding that the judge, as the trior of the issue of fact submitted to him, was fully authorized to find from the evidence that Betty Lane was not the common-law wife of Bobby Tuggle; such being the case, this court will not interfere to control his finding. *Garrett* v. *State*, 203 *Ga.* 756 (5) (48 S. E. 2d 377), and citations. Hence Betty Lane was a competent witness in the instant case, and the court did not err in requiring her to testify.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1954—DECIDED OCTOBER 13, 1954.

*John L. Jernigan,* for plaintiff in error.

*Roy Leathers, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.