44813. SIMEONIDES et al. v. ZERVIS.

Argued October 6, 1969—Decided December 5, 1969—Rehearing denied December 19, 1969—

*Adams, Adams, Brennan & Gardner, Edward T. Brennan,* for appellants.

*Freedman, Haslam & Weiner, Aron G. Weiner,* for appellee.

BELL, Chief Judge. ■ The appellee was born while his mother was lawfully married to George Zervis. This raises a strong presumption that appellee is the legitimate son of Zervis; but this presumption is rebuttable. · *Code* § 74-101; *Wright v. Hicks,* 15 Ga. 160; *Ellis v. Woods,* 214 Ga. 105, 108 (103 SE2d 297). "When sexual intercourse is once proved, nothing short of impossibility in such case, should impugn the legitimacy of the offspring. But where sexual intercourse is presumed, merely from the propinquity of the parties, slighter proof is required to repel the presumption of paternity." *Wright v. Hicks,* (9) supra. The appellants, who have the burden of proof on summary judgment, have submitted no evidence that at or near the time of appellee's conception, his mother and his presumptive father in fact engaged in sexual intercourse so as to require application of the harsher rule of impossibility to rebut the presumption of legitimacy. The fact that four other children previously were born of this marriage shows no more than a presumption of sexual intercourse between the parties and a lesser degree of proof is required to rebut paternity. The declarations of the deceased made prior to this controversy are admissible on this issue. *Estill v. Estill,* 149 Ga. 384 (2) (100 SE 365). Consequently, a genuine issue of material fact is present for resolution by a jury, and appellants are not entitled to summary judgment. This holding is not in conflict with *Sullivan v. Hugly,* 32 Ga. 316. In that case a jury found in favor of the presumption of legitimacy where the evidence was conflicting. The court in passing on the sufficiency of the evidence stated it would not disturb the verdict since a case of plain impossibility was not demanded by the evidence.

■ There remains an additional issue for resolution. The appellants are admitted nonresident aliens. They are not qualified to be administrators by *Code* § 113-1203. It is urged that their disqualification to administer by reason of their alienage also deprives them of power as the ostensible heirs at law of the deceased to nominate a qualified resident administrator. Reliance is placed upon subsection 3 of *Code* § 113-1202 which provides: "If there shall be several of the next of kin equally near in degree, the person selected in writing by a majority of those interested as distributees of the estate, and who are capable of expressing a choice, shall be appointed." This provision has been construed to apply where there is disagreement, which is not present in this case, as to the selection of an administrator among the heirs. *Walker v. Rowe*, 41 Ga. App. 769 (3b) (154 SE 722). The term "capable" to express a choice used in this context applies, we believe, to disability caused by infancy or mental deficiency. See *Mattox v. Embry*, 131 Ga. 283 (62 SE 202); 33 CJS 943, Executors and Administrators, § 44b. There is no express statutory provision which disqualifies an alien heir of the power to nominate an administrator. The Supreme Court in *Headman v. Rose*, 63 Ga. 458, held that if an heir is disqualified to act as administrator, he is entitled nonetheless to select some qualified person to be appointed. In this connection it is well to consider subsection 6 of *Code* § 113-1202 which provides that persons entitled to an estate may select a qualified administrator. As the appellants may be entitled to this estate, they are authorized to select an administrator notwithstanding that they are expressly disqualified to take the administration themselves because of their status as nonresident aliens.

*Judgment affirmed. Eberhardt and Deen, JJ., concur.*

## CORRECTIONS.

Page 277, line 7 from bottom, change "his motion for new trial" to read "its motion for new trial."

Page 333, line 8 from bottom, change "July 22, 1969" to read "July 22, 1968."

## CERTIORARI LIST.

### APPLICATIONS TO THE SUPREME COURT FOR CERTIORARI.

#### DENIED.

American Liberty Insurance Co. v. Sanders, 120 Ga. App. 1.

Argonaut Insurance Co. v. Almon, 120 Ga. App. 869.

Baldwin v. Happy Herman's, Inc., 120 Ga. App. 149.

Barlow v. Story, 120 Ga. App. 48.

Berry v. City of Dalton, 120 Ga. App. 844.

Berry v. Cordell, 120 Ga. App. 844.

Black v. Aultman, 120 Ga. App. 836.

Bodrey v. Cape, 120 Ga. App. 859.

Boroughs, Dale & Griffin v. St. Elias Eastern Orthodox Church, 120 Ga. App. 434.

Boston Insurance Co. v. Barnes, 120 Ga. App. 585.

Boyles v. State, 120 Ga. App. 852.

Brown v. Kelley, 120 Ga. App. 788.

Buckhead Doctors' Building, Inc. v. Oxford Finance Cos., 120 Ga. App. 516.

Caldwell v. Gregory, 120 Ga. App. 536.

Central Board on Care of Jewish Aged, Inc. v. Henson, 120 Ga. App. 627.

Cohran v. Sosebee, 120 Ga. App. 115.

Coldway Carriers, Inc. v. Hartman, 120 Ga. App. 787.

Cranford v. Cranford, 120 Ga. App. 470.

Cushway v. State Bar of Georgia, 120 Ga. App. 371.

Diversified Holding Corp. v. Clayton McLendon, Inc., 120 Ga. App. 455.

Dixon v. Rollins, 120 Ga. App. 557.

First National Bank of Augusta v. McElmurray, 120 Ga. App. 134.

Fomby v. State, 120 Ga. App. 387.

Franklin v. Sea Island Bank, 120 Ga. App. 654.

Gates v. State, 120 Ga. App. 518.

Georgia Casualty & Surety Co. v. Bloodworth, 120 Ga. App. 313.

Gresham v. State, 120 Ga. App. 465.

Hand v. Walls, 120 Ga. App. 331.

Harrison v. State, 120 Ga. App. 812.

Hawes v. Smith, 120 Ga. App. 158.

Hines v. Wingo, 120 Ga. App. 614.

Hodges v. Youmans, 120 Ga. App. 805.

Hood v. Rice, 120 Ga. App. 691.

Hotel Storage, Inc. v. Fesler, 120 Ga. App. 672.

Hudson v. State, 120 Ga. App. 11.

Huguley v. State, 120 Ga. App. 332.

Insurance Co. of North America v. City of Dalton, 120 Ga. App. 844.

Insurance Co. of North America v. Dimaio, 120 Ga. App. 214.

Interstate Securities Co. v. McElmurray, 120 Ga. App. 134.

Johnson v. Hurt, 120 Ga. App. 761.

Kinzler v. Carolina Cranes, Inc., 120 Ga. App. 400.

Lamas Co. v. Baldwin, 120 Ga. App. 149.

McKoy v. Blalock, 120 Ga. App. 180.

Martell v. Atlanta Biltmore Hotel Corp., 120 Ga. App. 880.
Merry Brothers Brick & Tile Co. v. Jackson, 120 Ga. App. 716.
Messer v. State, 120 Ga. App. 747.
Minnesota Mutual Life Insurance Co. v. Love, 120 Ga. App. 502.
Moon v. State, 120 Ga. App. 141.
Morgan v. State, 120 Ga. App. 454.
Nevels v. Detroiter Mobile Homes, Inc., 120 Ga. App. 60.
Pacific Indemnity Co. v. N. A., Inc., 120 Ga. App. 793.
Peachtree on Peachtree Inn, Inc. v. Camp, 120 Ga. App. 403.
Popham v. State, 120 Ga. App. 517.
Potts v. State Highway Department, 120 Ga. App. 164.
Robinson v. Reward Ceramic Color Manufacturing, Inc., 120 Ga. App. 380.
Ross v. State, 120 Ga. App. 520.
Short & Paulk Supply Co. v. Dykes, 120 Ga. App. 639.
Simeonides v. Zervis, 120 Ga. App. 883.
Spell v. State, 120 Ga. App. 398.
State Farm Mutual Automobile Insurance Co. v. Black, 120 Ga. App. 151.
State Farm Mutual Automobile Insurance Co. v. Dilbeck, 120 Ga. App. 740.
State Farm Mutual Automobile Insurance Co. v. Godfrey, 120 Ga. App. 560.
State Farm Mutual Automobile Insurance Co. v. Wendler, 120 Ga. App. 839.
State Farm Mutual Insurance Co. v. Smith, 120 Ga. App. 345.
State Highway Department v. Owens, 120 Ga. App. 647.
State Highway Department v. Smith, 120 Ga. App. 524.
Szekeres v. Walter E. Heller & Co., 120 Ga. App. 8.
Tifton Lumber Co. v. Dykes, 120 Ga. App. 639.
Travelers Insurance Co. v. Page, 120 Ga. App. 72.
Trussell v. Lawrence, 120 Ga. App. 39.
U. S. Fidelity & Guaranty Co. v. Vandusen, 120 Ga. App. 55.
Walker Hall, Inc. v. Fincher, 120 Ga. App. 193.
Weekes v. Parker, 120 Ga. App. 549.
White v. State, 120 Ga. App. 387.
Wiggins v. City of Macon, 120 Ga. App. 197.

ABANDONED OR WITHDRAWN.

American Family Life Assurance Co. v. Welch, 120 Ga. App. 334.
Dowling v. State, 120 Ga. App. 810.
Eidson v. Mathews, 120 Ga. App. 711.
Fulmer v. Burtz, 120 Ga. App. 439.
Lott v. Herrin, 120 Ga. App. 796.
Preston & Fogarty, Inc. v. Morgan, 120 Ga. App. 878.
Shepherd v. State, 120 Ga. App. 365.
Skinner v. Smith, 120 Ga. App. 35.
Staggers v. State, 120 Ga. App. 875.

State Highway Department v. Rosenfeld, 120 Ga. App. 439.

Talley v. State, 120 Ga. App. 365.

Welch v. Pioneer American Insurance Co., 120 Ga. App. 334.

### Supreme Court Decisions Where The Writ Was Granted.

Allstate Insurance Co. v. Austin, 120 Ga. App. 430. Dismissed, 226 Ga. 93.

American Liberty Insurance Co. v. Sanders, 120 Ga. App. 202. Reversed, 225 Ga. 796.

Board of Regents of University System of Georgia v. Oelke, 120 Ga. App. 667. Reversed, 226 Ga. 310.

Chrysler Motors Corp. v. Davis, 120 Ga. App. 475. Affirmed, 226 Ga. 221.

Citizens & Southern Bank of Georgia v. Taylor, 120 Ga. App. 353. Reversed, 226 Ga. 15.

Glynn Plymouth, Inc. v. Davis, 120 Ga. App. 475. Affirmed, 226 Ga. 221.

Herrington v. Stone Mountain Memorial Association, 119 Ga. App. 658. Reversed, 225 Ga. 746.

Lucas v. Continental Casualty Co., 120 Ga. App. 457. Dismissed, 226 Ga. 154.

Mull v. Aetna Casualty & Surety Co., 120 Ga. App. 791. Dismissed, 226 Ga. 462.

Nobles v. H. W. Durham & Co., 120 Ga. App. 418. Reversed, 226 Ga. 134.

O'Neal Steel, Inc. v. Smith, 120 Ga. App. 106. Remanded, 225 Ga. 778.

Summerlin v. Beacon Investment Co., 120 Ga. App. 296. Affirmed, 226 Ga. 227.

Taylor v. Buckhead Glass Co., 120 Ga. App. 663. Reversed, 226 Ga. 247.

Woodall v. Pharr, 119 Ga. App. 692. Affirmed, 226 Ga. 1.