### 47161.   SIMEONIDES et al. v. ZERVIS.

PANNELL, Judge. The factual situation is stated in the case of *Simeonides v. Zervis,* 120 Ga. App. 883 (172 SE2d 649). Following that case, trial was held and a verdict rendered in behalf of the appellee, Zervis. This is an appeal from a judgment of the Superior Court of Chatham County overruling a motion for judgment notwithstanding the verdict, and a motion for new trial.

The appellant's enumeration of errors contains nine grounds filed within the time for filing specified by this court. Two additional grounds filed too late for consideration are variations of grounds stated in the timely enumeration.

The appeal presents the following legal issues: (1) The general grounds, (2) the standard of proof to rebut the presumption of legitimacy, (3) the standard of proof of a common-law marriage, (4) the admissibility of evidence

consisting of (a) the appellee's testimony, that his father was Gavriel Simeonides, in effect charging his mother with adultery; (b) Anthony Zervis' testimony that G. F. Zervis indirectly indicated that he was not the father of Jimmy Zervis, the child of Martha Zervis; (c) a bank passbook with the name "Martha Simeonides" for which no foundation was laid; (d) K. Z. Meritt's testimony that her mother, Martha Zervis, inferred or suggested that her husband was not the father of her child.

1. *Motion for judgment notwithstanding the verdict.* On the denial of such motion this court has held that "an appellate court must affirm the trial court if there is an issue to be submitted to the jury and any evidence to sustain the verdict." *Massachusetts Bonding &c. Co. v. Bins & Equipment Co.,* 100 Ga. App. 847 (112 SE2d 626). "If the evidence presents jury questions on material issues a motion for judgment n. o. v. will not lie." *Mississippi Tank Co. v. White,* 108 Ga. App. 609 (134 SE2d 66). In this case there were jury questions on material issues and evidence to sustain the verdict on those issues. The trial court did not err in denying the motion for judgment n. o. v.

2. *Standard of proof to rebut presumption of legitimacy.* This standard was set for appellants in their prior appeal to this court, where the court quoted: "'When sexual intercourse is once proved, nothing short of impossibility in such case, should impugn the legitimacy of the offspring. But where sexual intercourse is presumed, merely from the propinquity of the parties, slighter proof is required to repel the presumption of paternity.' *Wright v. Hicks,* [15 Ga. 160] (9). . . The appellants . . . have submitted no evidence that at or near the time of appellee's conception, his mother and his presumptive father in fact engaged in sexual intercourse so as to require application of the harsher rule of impossibility to rebut the presumption of legitimacy. The fact that four other children previously were born of this marriage shows no more than a presumption of sexual intercourse between the parties and a lesser degree of proof is required to rebut pater-

nity. The declarations of the deceased made prior to this controversy are admissible on this issue. *Estill v. Estill,* 149 Ga. 384 (2) (100 SE 365). Consequently, a genuine issue of material fact is present for resolution by a jury. . ." *Simeonides v. Zervis,* 120 Ga. App. 883, 884, supra. At the trial of this case, appellants presented no evidence that at or near the time of appellee's conception, his mother and his presumptive father in fact engaged in sexual intercourse, so as to require application of the harsher rule of impossibility to rebut the presumption of legitimacy. The statements and actions of the mother and the putative father, both of whom were deceased prior to the action, having been placed in evidence, there is evidence to support the finding of the jury, under proper instructions, that appellee had successfully rebutted the presumption of legitimacy.

3. *The standard of proof of a common-law marriage.* Common-law marriage is recognized in Georgia (*Allen v. State,* 60 Ga. App. 248 (3 SE2d 780); *Steed v. State,* 80 Ga. App. 360 (56 SE2d 171)), and the Supreme Court has clearly stated the criteria for determining the existence of a common-law marriage to be: "Marriage may be inferred from proof of cohabitation and that the parties held themselves out to the world as husband and wife, and such proof may be made by general repute among neighbors and others in a position to know the facts. In 1 Andrews' Am. L. (2d Ed.), § 486, it is said: 'Where the only proof in the case is of continuous cohabitation, the presumption is that it was lawful. Where to this proof is added some affirmative proof of holding themselves out as man and wife, it adds so much to the force of presumption, and length of time strengthens the probative force of the presumption. The presumption from connubial habit is one of the strongest known to the law, and is to be repelled only by clear evidence.'" *Brown v. State,* 208 Ga. 304, 306 (66 SE2d 745). The undisputed evidence of record here is that the putative father, Gavriel Simeonides and appellee's mother, Martha Zer-

vis, lived together after appellee's birth, after Martha Zervis' divorce from her husband and unto her death, Gavriel Simeonides consistently introduced the appellee's mother as "my wife" or "my wife, Martha," with no protest from Martha. There was ample proof of a general repute (of marriage) among neighbors and others in a position to know.

4. *Admissibility of Evidence.* Appellants contend that the testimony by the plaintiff, his (half) sister and his (half) brother on the issue of plaintiff's paternity should have been excluded on the grounds that (1) such testimony violated public policy because it tended to bastardize a child born in wedlock and charge Martha Zervis with adultery; and (2) the witnesses were not competent to testify under the authority of *Code Ann.* § 38-1606. While *Code Ann.* § 38-1606 makes an exception to the rule concerning the competency of witnesses in those cases, "instituted in consequence of adultery," this case is for appellee's claim to administer Gavriel Simeonides' estate and was not "instituted in consequence of adultery." *Gibbons v. Maryland Cas. Co.,* 114 Ga. App. 788 (152 SE2d 815).

In *Simeonides v. Zervis,* 120 Ga. App. 883, supra, this court held, as to Gavriel Simeonides: "The declarations of the deceased, made prior to this controversy are admissible on this [paternity] issue." In *Gibbons v. Maryland Cas. Co.,* 114 Ga. App. 788, 796, supra, this court held in accord with the proposition expressed in *Wright v. Hicks,* 12 Ga. 155, and in *Wright v. Hicks,* 15 Ga. 160, 166, that a surviving spouse "was competent to testify concerning her conduct, habits of life, etc., including her cohabitations with other men, who, in her opinion, became fathers of her children." The dissent quotes with approval the proposition stated in *Wright v. Hicks,* "that the wife and her husband being dead, such declarations were competent evidence so as to make an issue when considered with evidence of their other conduct as explanatory of their declarations." P. 800.

Appellee is not disqualified as a witness because he is plaintiff, and as a member of the "family" was competent to testify concerning pedigree "by the declarations of deceased persons related by blood or marriage; or by general repute in the family." *Code* § 38-303.

Appellant objects to the admission in evidence of a bank passbook bearing the name of Martha Simeonides. A former bank vice president identified the passbook as being a checking account passbook from the bank with which he was associated. Although this evidence is merely cumulative to a great volume of appellee's evidence, its admissibility is clear. As a business entry, such writing is admissible and circumstances including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. *Code Ann.* § 38-711 (Ga. L. 1952, p. 177). Liberal interpretation and application of the Act is directed. Although no doubt appears here, "The policy of Georgia law is to admit evidence, even if its admissibility is doubtful, because it is more dangerous to suppress the truth than to allow a loophole for falsehood." *Gibbons v. Maryland Cas. Co.,* 114 Ga. App. 788, 796, supra; *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784); *Carroll v. Hayes,* 98 Ga. App. 450, 452 (105 SE2d 755); *Clemones v. Alabama Power Co.,* 107 Ga. App. 489, 494 (130 SE2d 600).

The court did not err in denying the motion for judgment notwithstanding the verdict and denying the motion for a new trial.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.*

ARGUED MAY 3, 1972—DECIDED OCTOBER 17, 1972—REHEARING DENIED NOVEMBER 7, 1972—

*Adams, Adams, Brennan & Gardner, Edward T. Brennan, John W. Minor,* for appellants.

*Friedman, Haslam & Weiner, Erwin A. Friedman, Aron G. Weiner,* for appellee.