THE STATE v. WRIGHT.

1. **Criminal Evidence**: DEATH OF WITNESS: HEARSAY. Where on the trial of a criminal case the state sought to prove what a certain witness stated in his testimony on the preliminary examination, on the ground that the witness had died in the meantime, *held* that such alleged death could not be established by the testimony of one witness who only heard that he was dead, and of another who had only so heard, and who further testified that such was the general report. (Compare *Ross v. Loomis*, 64 Iowa, 432.)

*Appeal from Sac District Court.*

WEDNESDAY, DECEMBER 1.

INDICTMENT for obtaining money under false pretenses. Trial by jury, who, under the direction of the court, found the defendant not guilty, and the state appeals.

*J. W. Cory, District-attorney*, for the State.

No appearance for defendant.

SEEVERS, J.—The record warrants the assumption that the evidence of one Webster was material, and without it there could not be a conviction. Webster had testified as a witness on the preliminary examination of the defendant before a magistrate. The state claims that Webster died on the eighteenth day of February, 1885. This trial was commenced on the twentieth day of said month, and the state sought to prove, by a competent witness, what Webster testified to on such examination. To enable this to be done, the state sought to establish the fact that Webster was dead; and one witness on the part of the state testified that he was, but that all he knew about it was that he had so heard. Another witness testified that he had so heard, and that such was the general report. The foregoing evidence was rejected by the court, and, in so ruling, it is insisted that the court erred. It is claimed by the state that the death of a person may be established by hearsay evidence. Possibly this is so in some cases; but the evidence offered for the purpose of establishing the death of Webster is not nearly so satisfactory as the evidence in *Ross v. Loomis*, 64 Iowa, 432; and, following that case, we must hold that the district court did not err.

It is true, it is insisted by the state that the sufficiency of the evidence was for the jury. This is so; but the admissibility and competency of evidence to establish any proposition must be determined by the court.

AFFIRMED.