WILLIAMS *v.* THE STATE.

1. On the trial of a man charged with adultery and fornication with an unmarried woman, after proof that the woman was married, her declaration (she being present in court), made three years previously, that she had heard her husband was dead, is not admissible to prove his death; it not appearing from whom her information was derived.

. 2. The evidence showing that the female was a married woman, and there being no legal testimony to show that her husband was dead at the time of the alleged criminal act, a verdict of guilty was contrary to the evidence.

January 19, 1891. By two Justices.

Criminal law. Evidence. Adultery and fornication. Before Judge ATTAWAY. City court of Cartersville. June term, 1890.

Reported in the decision.

J. B. CONYERS, for plaintiff in error.

A. W. FITE, solicitor-general, *contra.*

SIMMONS, Justice.

Williams was indicted and tried for the offence of adultery and fornication with one Fanny Smith, alleged to be an unmarried female; and was convicted. During the progress of the trial, Wilkerson was introduced as a witness by the State, and testified as follows: "I knew Fanny Smith's husband; his name was Charley Smith. About six or seven years ago I had Charley Smith at work on the streets under sentence. After his time was out he left here and went to the State of Alabama. Soon after he left here, Fanny Smith came here in search of Charley Smith and said he was her husband. I told her that Charley had gone to Alabama, but she did not leave here and go to Alabama in search of him. Fanny Smith told me she heard that her husband, Charley Smith, was dead. This was about three years ago. She did not tell me that she knew of her own knowledge that her husband was dead; she did not tell me that she heard it from any member of her own family or her husband's family." The defendant's counsel objected to the witness's testifying that Fanny Smith told him that her husband was dead, on the ground that it was hearsay and inadmissible. The objection was overruled, and the defendant made this one of the grounds of his motion for a new trial.

We think the objection should have been sustained and the testimony excluded by the court. It will be observed that the witness states that Fanny Smith did not tell him that she heard it from any member of her own family or her husband's family, nor did she state how she heard it; nor that it was the general reputation in her family or in that of her husband; but simply

that she had heard that he was dead. It was not stated that it was even a report in the community; or if there was such a report, that it had been accepted by or known to the family of Smith. "This does not come within any exception which allows declarations of deceased members of a family, or reputation in the family, to be received as evidence of facts relating to pedigree, but under the general rule that hearsay evidence and common rumor are incompetent to prove particular facts." See Blaisdell *v.* Bickum, 139 Mass. 250; McGrew *v.* State, 13 Tex. App. 340; State *v.* Wright, 70 Iowa, 152, 30 N. W. Rep. 388; Ross *v.* Loomis, 20 N. W. 749; Johnson *v.* Johnson, 3 N. E. Rep. (Ill.) 232. The admission of the evidence was specially erroneous because it appears from the record that Fanny Smith was in court and was a competent witness to prove whether she was married or single at the time of the commission of the alleged offence.

It was argued, however, by the solicitor-general, that if testimony of this character is not to be admitted, it will in many cases be impossible to convict parties of the offence; because it is often impossible to prove whether the parties are married or single. It seems to us that this difficulty could be easily obviated by putting two counts in the indictment, one charging that the offence was committed with an unmarried woman, and the other charging that it was with a married woman. In coming to our conclusion that this evidence was inadmissible, we have not overlooked the case of *Imboden* v. *Etowah Mining Company,* 70 *Ga.* 86, where it was held that "hearsay as to death is admissible testimony." That case has had but little weight with us in coming to our conclusion. We have read it carefully, and do not find from the report thereof under what state of facts the testimony was admitted. The proposition that "hearsay as to death is admissible" may be sound

law or it may not, depending altogether upon the state of facts sought to be proved. There is no doubt that hearsay evidence of the death of a person is admissible under certain circumstances. Code, §3772. But what we hold in the case now under consideration is, that the circumstances in this case did not authorize the admission of the testimony excepted to; and inasmuch as the indictment charged the defendant with adultery and fornication with an unmarried woman, and the testimony shows that she was a married woman, and there was no legal testimony to show that her husband was dead, the jury found contrary to the evidence, and the court below should have granted a new trial.

*Judgment reversed.*