## MOBLEY *v.* BAXTER & COMPANY *et al.*

1. It was not competent for a witness to testify as to the death of a certain person, and who were his heirs surviving at a certain date when a deed was executed, the witness testifying that he did not know these facts from his own personal knowledge, but that he knew them "from family repute and from various other sources of information, such as a vast amount of correspondence from said [decedent's] family, and from the court records, and from wills and documents, which made the matter conclusive so far as could be ascertained by search."
2. Where suit was brought and the evidence of a witness was taken by interrogatories, which contained the statement indicated in the first headnote; and the suit was dismissed by the plaintiff, and was later renewed, and counsel for the defendants, in response to a request from counsel for the plaintiff, wrote a letter to the latter, in which they stated that they would consent that the evidence of the witness taken in the first case might be used in the second for the purpose of showing that the parties who had executed a certain deed were the heirs at law of the person to whom the grant was issued by the State, this did not amount to an agreement that such facts might be proved by the conclusions of the witness from various sources, or waive the right to object to the testimony giving such a conclusion.
3. After the evidence indicated in the previous headnote had been excluded, no prima facie case was made by the plaintiff, and there was no error in granting a nonsuit.

JUNE 22, 1915.

Equitable petition. Before Judge Quincey. Clinch superior court. March 27, 1914.

S. S. Mobley brought an equitable petition against G. S. Baxter & Company and W. H. Mobley, seeking to enjoin the defendants from cutting, working, or using certain timber. The abstract of title attached to plaintiff's petition showed that he claimed under a chain of title beginning with a grant from the State to Thomas Taylor in 1848. The next link in the chain was a deed signed by a number of persons. This deed was dated January 2, 1896. It recited that the persons signing it (except Ebenezer Wakeley and his wife) were the widow and children of Thomas Taylor, deceased, the husbands and wives of certain heirs at law of his, and the heirs at law of certain other persons named. When the case came on for trial it was dismissed by the plaintiff on October 29, 1912, and was recommenced shortly afterward. When the case thus rebrought came on for trial, the interrogatories of E. Wakeley, which had been taken while the first case was pending, were offered in evidence. He testified, in substance, that Thomas Taylor died in 1870 or 1871; that his sole surviving heirs on January 2, 1896, when the deed above mentioned was executed, were seven signers of that deed; that there had been ten original heirs, the nearest of kin of the whole blood in the paternal line, but the other three had died in 1875, 1887, and prior to January 2, 1896, respectively; that the last-mentioned decedent left surviving him a wife and five children, one daughter and four sons, being his only heirs at law; that the first of the three deceased heirs died intestate, unmarried, without children or descendants of children, and left as his only heirs at law his nine brothers and sisters, naming them; that the second of the three deceased heirs mentioned died intestate, unmarried, without children or descendants of children, and left as his only heirs at law his eight brothers and sisters, naming them. The witness testified, "that he did not know of the death of Thomas Taylor, who his sole surviving heirs at law were, at the time said 'big deed' was made, from his own personal knowledge, but he did know it from family repute and from various other sources of information, such as a vast amount of correspondence from said Thomas Taylor's family, and from the court records, and from wills and documents, which made the matter conclusive so far as could be ascertained by search."

Objection was made to the evidence of Wakeley, but it was admitted temporarily. When the plaintiff closed his evidence, a mo-

tion was made to exclude the answers of Wakeley to the interrogatories, on the grounds, that the witness testified that he did not know the fact as to the death of Thomas Taylor and the relationship of the parties from his own personal knowledge, but from family repute and other sources of information; that his evidence was purely hearsay, that his answer that he knew it from family repute was a conclusion; that it did not appear that he knew it from general family repute; and that the source of his information on the subject was not disclosed. In connection with the motion to exclude the evidence, counsel for the plaintiff introduced a letter dated at Jacksonville, Florida, January 3, 1913, and signed by Toomer & Reynolds, who were referred to in the bill of exceptions as "defendants' attorneys." It contained the following statement: "We will consent, as requested, that you use the evidence of Ebenezer Wakeley, submitted by you on the former trial of substantially the same case at the last term of Clinch court, and that you use it for the purpose of showing that the parties who executed the so-called 'big deed' were in fact heirs at law of Thomas Taylor." The motion to exclude the evidence of Ebenezer Wakeley was sustained; and the plaintiff having rested his case, counsel for the defendants moved for a nonsuit, which was granted, and the plaintiff excepted.

    *J. L. Sweat, L. A. Wilson,* and *R. G. Dickerson,* for plaintiff.

    *J. C. Reynolds* and *E. K. Wilcox,* for defendants.

    LUMPKIN, J. (After stating the foregoing facts.)

    1. The evidence of Wakeley was properly excluded. It was merely a conclusion on his part. It did not appear that Wakeley was a member of the family of Thomas Taylor, deceased. The witness did not state any family repute known to him, or any statements of deceased persons who were members of the family, or any other distinct admissible fact. He stated the death of Taylor and its date, who were his heirs, and which of them survived at a certain time, and other facts in regard to them. He testified that he did not know of the death of Taylor or who were his sole surviving heirs at the time mentioned, of his own personal knowledge, but that he did know it "from family repute and from various other sources of information, such as a vast amount of correspondence from said Thomas Taylor's family, and from the court records, and from wills and documents, which made the matter conclusive so far

as could be ascertained by search." This was not the statement of any fact, but an inference or conclusion of the witness, drawn from various sources, and was not admissible in evidence. Section 5764 of the Civil Code (1910) does not authorize the introduction of such evidence. While in *Imboden* v. *Etowah etc. Mining Co.,* 70 *Ga.* 86, some broad and rather unguarded language was used in regard to the admissibility of hearsay evidence to prove death, that case does not decide that the conclusion of a witness drawn from various sources, some oral and some documentary, is admissible to prove death and relationship. Moreover, it appeared that a witness in that case stated that he believed a certain person to be dead from having heard so by word of mouth from a named deceased person, and having also seen documents relating to his death. No objection was made that the deceased person who made the declaration was not a member of the family, whose statement would be admissible, and apparently he was treated as such.

2. The suit first brought was dismissed on October 29, 1912. The present suit was filed on November 22, thereafter. The letter from Messrs. Toomer & Reynolds amounted to nothing more than agreeing that the interrogatories of Wakeley, which had been taken in the first case, might be used in the second, for the purpose of showing that certain persons who executed a deed were the heirs of Thomas Taylor, deceased. It did not purport to agree that the witness might testify to his conclusions on this subject from various sources of information, or to waive objection to such incompetent evidence.

3. The evidence of Wakeley having been excluded, no prima facie case was made by the plaintiff, and a nonsuit was properly granted. *Judgment affirmed. All the Justices concur.*