19908.  CONE *v.* LYTHGOE *et al.*

*Peek, Randolph & Henson,* for plaintiff in error.

*Frank C. Tindall,* contra.

Luke, J.  Mrs. A. L. Smith and Miss Mamie Lythgoe sued Charles H. Cone on a promissory note.  The defendant filed a plea in abatement, on the ground that Mrs. Smith was dead, and upon the call of the case moved the court to enter judgment pro confesso in his behalf on his plea in abatement, which motion was denied.  To this ruling the defendant excepted pendente lite. "Evidence was introduced by both parties, whereupon the court directed the jury to find a verdict against the plea in abatement and directed the jury to find a verdict in favor of the plaintiffs, to which order and judgment of the court directing said verdicts Charles H. Cone then and there excepted, and he now excepts to the same and assigns error thereon as being contrary to law."  Defendant filed a motion for a new trial and an amendment thereto, which the court overruled, and to this ruling the defendant excepted.

"Plaintiff in error abandons the issues of law made in the exceptions pendente lite," and in his brief does not argue or insist upon the general grounds of his motion for a new trial.  The only special ground of the motion for a new trial, and the only point argued by counsel for plaintiff in error in his brief, is that the court illegally withheld from the jury the following evidence offered in support of defendant's plea in abatement: "Person knowing her (Mrs. A. L. Smith) in the community in which she lived say she died.  I will testify from investigation which I made of persons who know the facts, and I will testify that she is dead."  This evidence was properly withheld from the jury.  "While in a sense hearsay evidence is admissible to prove death, yet before the hearsay

is admissible for that purpose, it must come up to the requirements of the Civil Code (1910), § 5764, which provides, 'Pedigree, including descent, relationship, birth, marriage, and death, may be proved either by the declarations of deceased persons related by blood or marriage, or by general repute in the family, or by genealogies, inscriptions, "family trees," and similar evidence.'" *Piedmont Hotel Co.* v. *Henderson,* 9 *Ga. App.* 672 (9), 684 (72 S. E. 51); *Mobley* v. *Pierce,* 144 *Ga.* 327 (4) (87 S. E. 24); *Mobley* v. *Baxter,* 143 *Ga.* 565, 568 (85 S. E. 859); *Williams* v. *State,* 86 *Ga.* 548, 550 (12 S. E. 743); *Augusta &c. R. Co.* v. *Randall,* 85 *Ga.* 297 (3), 302, 314 (11 S. E. 706). These cases settle the issue in the instant case adversely to plaintiff in error. In so holding we are not unmindful of the ruling in *Imboden* v. *Etowah &c. Mining Co.,* 70 *Ga.* 86, relied upon by plaintiff in error. While that case holds that hearsay is admissible to prove death, and it is admissible for that purpose under certain circumstances, "yet before the hearsay is admissible for that purpose it must come up to the requirements of the Civil Code (1910), § 5764;" and the testimony ruled out in the instant case does not meet these requirements. Furthermore, in *Mobley* v. *Baxter,* supra, the Supreme Court referring to the *Imboden* case, says: "Some broad and rather unguarded language was used in regard to the admissibility of hearsay evidence to prove death;" and the *Imboden* case is also criticized in the case of *Williams* v. *State,* supra, and in *Piedmont Hotel* v. *Henderson,* supra.

The court did not err in overruling the motion for a new trial. *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*