22066. ATLANTA JOURNAL COMPANY *v.* GRIGGS.

STEPHENS, J. 1. The appointment by a newspaper publishing company of a person as its agent to receive newspapers from the company, for which he is to pay a stipulated sum per copy, and to deliver them to subscribers who are to pay therefor so much per week, is a sufficient consideration for a promise made by another person to the newspaper company to "guarantee" to the company "the full and faithful performance of all the conditions, duties, and obligations of the [agent appointed to receive and deliver papers] as agent of the [company] while representing said paper, and, upon failure of the said agent to pay to the said company, as per agreement, all sums of money that belong to it under the terms of said contract," to pay the same and to otherwise be "personally responsible for the faithful performance of the terms and conditions of said appointment." Such contract is one by which the obligor guarantees the solvency of the agent and his ability to perform the contract, and is therefore a contract of guaranty, and not one of suretyship. *Sims* v. *Clark,* 91 *Ga.* 302 (2) (18 S. E. 158); *Manry* v. *Waxelbaum Co.,* 108 *Ga.* 14 (3) (33 S. E. 701); *Holmes* v. *Schwab,* 141 *Ga.* 44 (80 S. E. 313); *Sheffield* v. *Whitfield,* 6 *Ga. App.* 762 (65 S. E. 807); *Etheridge* v. *Rawleigh Co.,* 29 *Ga. App.* 698 (116 S. E. 903); *Rawleigh*

*Co. v. Salter,* 31 *Ga. App.* 329 (120 S. E. 679) ; *Pelham* v. *Rawleigh Co.,* 33 *Ga. App.* 356 (126 S. E. 302) ; 28 C. J. 915.

2. Upon the trial of a suit by the company against the guarantor, to recover damages alleged to have been sustained by the plaintiff as a result of the failure of the alleged agent to perform his contractual obligation to pay for papers received by him from the plaintiff, where it appears from the evidence that the agent was appointed and accepted the appointment under the conditions named, that the contract of guaranty sued upon was entered into by the defendant, that a certain number of papers had been sent to the agent from time to time by express, that a traveling auditor for the plaintiff, whose duties were to obtain agents and delivery boys for the paper, to keep in touch with them and audit their accounts from time to time, and to "ascertain how they stood with regard to turning over to the company amounts due for the papers forwarded to them by the company for delivery to subscribers and patrons," had talked about this account with the agent who received and delivered papers, and had also talked about it with the defendant, and that they did not deny the correctness of the account, but that the defendant requested the witness "to give them time to get up the money," and that the agent to receive and deliver papers had given, in part payment of the account, a check which had been turned down at the bank on account of insufficient funds, the inference was authorized that the agent appointed by the plaintiff to receive and deliver papers had received papers for which he had not paid the plaintiff, that the defendant had knowledge of this, that the account sued on was correct, and liability therefor had been admitted by the defendant, and he had refused to pay the account, and that he was liable therefor. It was error for the court to grant a nonsuit.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

Decided September 28, 1932.

*Gordon M. Combs,* for plaintiff. *Charles Pigue,* for defendant.

