33313. ERBELDING *v.* NOLAND COMPANY INC.

Decided March 13, 1951.

*Henry J. Heffernan*, for plaintiff in error.
*Fulcher & Fulcher*, contra.

MacIntyre, P. J., ■ Code § 103-101 provides: "The contract of suretyship is one whereby a person obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor. It differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor." This is but one of the distinctions between suretyship and

guarantyship. *Manry* v. *Waxelbaum*, 108 *Ga.* 14 (33 S. E. 701). There are others. In *Etheridge* v. *Rawleigh Co.*, 29 *Ga. App.* 698, 702 (116 S. E. 903), it was said: "A contract of suretyship is where one lends his credit by joining in the principal debtor's obligation, so as to render himself directly and primarily responsible with him and on the same contract, and without any reference to the solvency of the principal. In such a case, the promise of each being one and the same, and their liability being joint and several, they may be joined in the same action. *Heard* v. *Tappan*, 116 *Ga.* 930 (43 S. E. 375). A contract of guaranty exists where one lends his credit for the benefit of another, but under an obligation which is separate and distinct from that of the principal debtor, and where he renders himself secondarily or collaterally liable on account of any inability of the principal to perform his own contract." And, as was said in *Manry* v. *Waxelbaum*, supra: "A surety binds himself to perform if the principal does not, without regard to his ability to do so. His contract is equally absolute with that of his principal . . A guarantor, on the other hand, does not contract that the principal will pay, but simply that he is able to do so; in other words, a guarantor warrants nothing but the solvency of the principal." In *Musgrove* v. *Luther Publishing Co.*, 5 *Ga. App.* 281 (63 S. E. 52), it is said: " 'A surety is usually bound with his principal by the same instrument, executed at the same time and on the same consideration. He is an original promisor and debtor from the beginning, and is held ordinarily to know every default of his principal. . . On the other hand, the contract of the guarantor is his own separate undertaking, in which the principal does not join. It is usually entered into before or after that of the principal, and is often founded on a separate consideration from that supporting the contract of the principal. The original contract of the principal is not the guarantor's contract, and the guarantor is not bound to take notice of its non-performance.' 1. Brandt on Suretyship (3d ed.), § 2. The surety joins in the same promise as his principal and is primarily liable; the guarantor makes a separate and individual promise and is only secondarily liable. His liability is contingent on the default of his principal, and he only becomes absolutely liable when such default takes

place and he is notified thereof. 20 Cyc. 1400 et seq.; Childs on Suretyship & Guaranty, 7.'"

"Ordinarily, a guarantor can not be sued to judgment on a contract of guaranty in the absence of a prior judgment against the principal and a nulla bona return, unless it is alleged and proved that the principal debtor is insolvent or that he can not be made to respond to a judgment that may be obtained against him by the plaintiff." *Arkansas Fuel Oil Co.* v. *Young*, 66 *Ga. App.* 33 (16 S. E. 2d, 909).

Measured by the foregoing rules, it is clear that the contract sued upon is one of guaranty, and not one of suretyship, and we reach this conclusion without any relaxation of the rules for the construction of contracts. The defendant was not directly and primarily liable for the payment of the account due the plaintiff by the principal debtor, North Augusta Appliance & Plumbing Company. The goods or materials furnished on the account were not furnished upon the strength of, or the faith in, the defendant's guaranty. The goods or materials had been sold and delivered and the account was due before the defendant executed and delivered his contract of guaranty to the plaintiff. The promises of the defendant and the principal debtor were not one and the same. The principal debtor promised payment of the account if the goods or materials were sold to it on credit. The guarantor promised that the account would be paid if the plaintiff would extend the time for payment. The consideration for the account was the delivery of the goods or materials to the principal debtor; the consideration for the guaranty was the extension of the time for payment of the account. The defendant was an officer and stockholder of the principal debtor corporation, and it is not unreasonable to assume that the extension of credit to the corporation was a benefit inuring to him personally. *Etheridge* v. *Rawleigh Co.*, supra, at page 703.

The provision in the contract waiving "notice of the nonpayment of the said account by the said September 1, 1949, and of failure of the collection of the same," implies nothing more than an understanding and agreement on the defendant's part that the plaintiff was not required to enforce promptly the payment on September 1, 1949, of any demand it might have against the

principal debtor on that date, for as an officer of the principal debtor corporation we take it that he would be apprised of any failure on the part of the corporation to pay the account on that date. He needed no notice in fact from the plaintiff, and the contract simply relieved the creditor of performing a needless gesture.

After determining that the contract is one of guaranty and not of suretyship, nothing remains but to apply the rules of law applicable to contracts of that class, and it is a well-established principle applicable to actions on contracts of guaranty that, "before an action can be maintained against a guarantor, . . it must be shown that the principal is *unable* to perform." *Musgrove* v. *Luther Publishing Co.*, supra; *Manry* v. *Waxelbaum*, supra. The defendant's demurrer properly pointed out the petition's deficiency in failing to allege the principal debtor's *inability* to respond to any judgment which the plaintiff might obtain against it, and the trial court erred in overruling the demurrer.

*Judgment reversed. Gardner and Townsend, JJ., concur.*