35202.   FERGUSON *et al. v.* ATLANTA NEWSPAPERS
INCORPORATED.

DECIDED SEPTEMBER 24, 1954—REHEARING DENIED NOVEMBER 15, 1954.

*William B. Jones,* for plaintiffs in error.

*Claude Hambrick,* contra.

QUILLIAN, J.   Atlanta Newspapers, Inc. (here referred to as the plaintiff) sued C. H. Ferguson, H. A. Heath, and Roy Harris. The suit was predicated upon the following facts: H. Gordon Kinney was assigned by the plaintiff a territory in which he was to sell and distribute the plaintiff's newspaper.   The plaintiff required Kinney to enter into a contract with it, under the terms of which it was agreed that he would order newspapers from the plaintiff for the purpose of supplying subscribers and other purchasers within the area assigned to him, and he would remit to the plaintiff prompt payment for the newspapers furnished him. The contract contained other provisions not necessary to relate here.   The plaintiff required of Kinney that he furnish a contract signed by other persons guaranteeing the faithful performance of the contract with the plaintiff, the pertinent terms of which are above referred to.   The contract of guaranty signed by the defendant reads as follows: "I (or we) the undersigned, as guarantor for H. Gordon Kinney, Sr., distributor for the Atlanta Newspapers, Inc., and in consideration of the foregoing appointment and the profits to accrue from said appointment, do hereby guarantee the Atlanta Newspapers, Inc., of Atlanta, Georgia, the full and faithful performance of all conditions, duties and obligations of the above named distributor as agreed in the foregoing contract; and upon failure of the said distributor to pay the said company, as per contract all sums of money belonging to it under the terms of said contract, I (or

we) hereby agree and obligate myself (or ourselves) to pay the same and to hold myself (or ourselves) otherwise personally responsible for the faithful performance of the terms and conditions of said appointment."

Kinney failed to pay for the newspapers as required by his contract, and the plaintiff, without obtaining any judgment or instituting any suit against him, filed suit against Ferguson and the others on their contract of guaranty to recover the amount due it by Kinney in the faithful performance of his contract. The defendant filed general demurrers to the petition. Ferguson separately, and Heath and Harris together, filed answers to the suit. The demurrers were overruled, and the case proceeded to trial and resulted in a verdict for the plaintiff. The defendants filed a motion for new trial on the general grounds, and later amended it by adding special grounds. Upon the denial of their motion, they excepted.

In *Atlanta Journal Co.* v. *Griggs*, 45 *Ga. App.* 807 (165 S. E. 921), in construing a contract identical in language with the contract sued upon in this case, this court held: "The appointment by a newspaper publishing company of a person as its agent to receive newspapers from the company, for which he is to pay a stipulated sum per copy, and to deliver them to subscribers who are to pay therefor so much per week, is a sufficient consideration for a promise made by another person to the newspaper company to 'guarantee' to the company 'the full and faithful performance of all the conditions, duties, and obligations of the [agent appointed to receive and deliver papers] as agent of the [company] while representing said paper, and, upon failure of the said agent to pay to the said company, as per agreement, all sums of money that belong to it under the terms of said contract,' to pay the same and to otherwise be 'personally responsible for the faithful performance of the terms and conditions of said appointment.' Such contract is one by which the obligor guarantees the solvency of the agent and his ability to perform the contract, and is therefore a contract of guaranty, and not one of suretyship." In *Erbelding* v. *Noland Co.*, 83 *Ga. App.* 464, 466 (62 S. E. 2d 218), it is held: "'A guarantor, . . . does not contract that the principal will pay, but simply that he is able to do so; in other words, a guarantor warrants nothing

but the solvency of the principal.' . . 'The surety joins in the same promise as his principal and is primarily liable; the guarantor makes a separate and individual promise and is only secondarily liable. His liability is contingent on the default of his principal, and he only becomes absolutely liable when such default takes place and he is notified thereof. 20 Cyc. 1400 et seq.; Childs on Suretyship & Guaranty,7.'

" 'Ordinarily, a guarantor can not be sued to judgment on a contract of guaranty in the absence of a prior judgment against the principal and a nulla bona return, unless it is alleged and proved that the principal debtor is insolvent or that he can not be made to respond to a judgment that may be obtained against him by the plaintiff.' *Arkansas Fuel Oil Co.* v. *Young*, 66 *Ga. App.* 33 (16 S. E. 2d 909)."

It follows that the plaintiff, in order to maintain a case against the guarantor before obtaining a judgment against the principal, Kinney, had the burden of proving that the defendant's principal, whose solvency and ability to perform his contract with the plaintiff were guaranteed by the defendant, was either unable to perform his contract or was insolvent. The evidence did not show any such inability on the part of the defendant's principal, and falls short of proving his insolvency. Thus, the plaintiff did not prove its case, and the trial court erred in overruling the general grounds of the motion for new trial.

In this connection, it will be noted that the plaintiff recognized the necessity of showing that the principal debtor had not only breached his contract but was unable to perform his contract, and set out in paragraph 6 of its petition "That H. Gordon Kinney, Sr., is insolvent and a judgment against him could not be satisfied."

The plaintiff insists that it was shown that a judgment could not be enforced against the principal, Kinney, because his whereabouts was not known to the plaintiff. If his whereabouts was unknown to everyone, it would not mean that a judgment could not be enforced against him, in the absence of proof that he had no property in the State available for that purpose.

There was ample evidence that the principal owed debts in a considerable sum, but the only evidence in reference to whether he owned property was that of one witness who testified

that he owned no property so far the witness knew. This, in the absence of any showing as to the source or amount of the witness's information on the subject, amounted to nothing.

Solvency is generally determined in this State by the standard of whether one owns more than he owes, even if what he owns cannot be subjected to legal process. *Keeter* v. *Bank of Ellijay*, 190 *Ga.* 525, 526 (9 S. E. 2d 761); *Pharr* v. *Pharr*, 206 *Ga.* 354, 359 (57 S. E. 2d 177).

There is testimony of a witness in the record that he heard or was informed that the principal was dead. There was no evidence as to the source of the witness's information or even whether the witness was informed as to whether Kinney died before or after the suit was begun. While a dead man can do nothing, still, if his estate was solvent and his assets available for subjection to legal process for the purpose of enforcing the payment of a debt, one who had warranted merely his solvency and ability to satisfy that obligation could not be held liable simply because the principal died. Death may be established as provided by § 38-303 of the Code, by family repute, but by no other species of hearsay evidence. *Piedmont Hotel Co.* v. *Henderson*, 9 *Ga. App.* 672 (9) (72 S. E. 51); *Cone* v. *Lythgoe*, 40 *Ga. App.* 491 (150 S. E. 465). Hearsay evidence when not admissible under some statutory provision is without probative value.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*