### 39539. TANNER v. TANNER, Administrator.

RUSSELL, Judge. 1. Horace Tanner sued the administrator of the estate of Samuel Tanner to recover the value of services rendered the latter. Certain portions of the petition allege that in 1950 the intestate solicited plaintiff's wife, Linnie Mae Tanner, to undertake to provide for his care and comfort; pursuant to this solicitation an agreement was reached by

which Linnie Mae Tanner agreed with the intestate and he with her, with plaintiff's approval, that the desired care would be undertaken by plaintiff's wife, including room, bed, linen, meals, incidental service and all attention promoting his physical comfort and welfare, for which intestate would pay plaintiff's wife whatever sum her services might be reasonably worth, and that such payment would be her individual earning not controlled by plaintiff. Pursuant to this agreement the intestate, who had been an invalid since 1923, continued to live in his ancestral home, title to which, however, had devolved upon the plaintiff, and the plaintiff's wife furnished him with food and personal service. The plaintiff also assisted in preparation of food, attention to living quarters, supplying of linens, heating, and personal attention, for which services he seeks recompense from the estate of the deceased in the sum of $200 per month. Viewed as an express contract, these allegations affirmatively show the right of action, if any, to rest in the plaintiff's wife and not the plaintiff. The intestate had no contract with the plaintiff, but he did have an express contract with Mrs. Tanner which included the furnishing of room, board and *all* reasonable attention to his daily needs. Actions on contracts must be brought in the name of the person in whom the legal interest in the contract is vested. *Code* § 3-108. If the plaintiff performed services which in fact were contracted to be performed by plaintiff's wife, then in performing the services himself he acted either as a mere volunteer, or, if he had some arrangement with his wife to that effect, as her agent or subcontractor. In either event he could not recover directly against the deceased or the latter's estate. *McGinnis v. Milhollin*, 64 Ga. App. 462 (13 SE2d 591); *Stein Steel &c. Co. v. Goode Const. Co.*, 83 Ga. App. 821 (65 SE2d 183). No cause of action is set out based on an express contract.

2. As against a general demurrer, a petition which states a cause of action on any theory should not be dismissed, and the question arises whether an implied contract is alleged outside the primary framework of the petition set forth in the preceding headnote. The petition additionally sets forth that "there was never any payment on the amount agreed to be paid for the services performed by this petitioner, not-

withstanding there was a covenant that he would pay what the services were reasonably worth." This must refer to the covenant made by the intestate to the plaintiff's wife, since no other is alleged.

(a) Ordinarily, where one renders valuable services to another which are accepted by the latter, a promise is implied to pay the reasonable value thereof. *Code* § 3-107. One exception to this rule is stated in *Meager v. Linder Lumber Co.*, 1 Ga. App. 426 (57 SE 1004). There Linder Lumber Company, after entering into a contract with Torras to furnish lumber to him, contracted with Meager to furnish a part of the lumber to Torras, and Meager, after furnishing the lumber and failing to receive pay from Torras, sued Linder. It was held: "If it be conceded or proved that Torras received this lumber under the Linder contract, it follows that no agreement or arrangement between Meager and Linder, unassented to by Torras, could change his original promise so as to obligate him to pay one portion of the purchase price of the entire order of lumber to Linder and the remainder to Meager." While the fact situation may present a jury question, in rulings on pleadings where the petition is construed adversely to the plaintiff a petition so ambiguous that it cannot be clearly determined which situation obtains fails to set forth a cause of action, but it will be presumed that the intestate accepted the plaintiff's services under his contract with the plaintiff's wife, and not from any intention to become directly obligated to the plaintiff. This is all the more true because the contract allegedly covered *all* services, an arrangement of which the plaintiff had knowledge at the time and to which he gave his express approval.

(b) On the theory of implied contract the petition is defective for yet another reason. It appears that the invalid intestate was the plaintiff's brother and a member of his household. The presumption of an implied obligation to pay the value of services rendered does not usually apply as between near relatives. "The proof of services and of relationship leaves the case in equipoise, from which the plaintiff must remove it, or fail." *Wall v. Wall*, 15 Ga. App. 156 (2) (82 SE 791). The plaintiff here failed to allege any facts which, if proved, would remove the case from the general rule so as to entitle him to recover for the services rendered.

The trial court did not err in sustaining the general demurrer and dismissing the petitin.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED JULY 6, 1962.

*George Jordan, R. A. Moore,* for plaintiff in error.
*Vickers Neugent,* contra.