Ronald G. COHN, Plaintiff-Appellee,

v.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION et al., Defendants-Appellees,

Lawrence J. Kamenetzky et al., Movants-Appellants.

No. 77–2069
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 17, 1978.

*Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409.

Lawrence J. Kamenetzky, pro se.

Robert H. Stroup, Atlanta, Ga., for Beverly Agee.

S. Phillip Heiner, James J. Thomas, II, Atlanta, Ga., Joseph T. Eddins, Assoc. Gen. Counsel, Beatrice Rosenberg, Asst. Gen. Counsel, Abner W. Sibal, John D. Schmelzer, E. E. O. C., Washington, D. C., for defendants-appellees.

Before THORNBERRY, RONEY, and RUBIN, Circuit Judges:

ALVIN B. RUBIN, Circuit Judge:

This case presents an old issue in a new setting. The familiar issue concerns the right to intervene in a matter involving employees' seniority and promotion rights by persons who may be adversely affected by the disposition of the case. But the novel dispute is that the parties who seek to protect their status by intervening were found to have been promoted in violation of a consent decree, the validity of which they do not question.

Ronald Cohn, a lawyer, sued his employer, the Equal Employment Opportunity Commission ("EEOC"), for discrimination in employment in EEOC's Atlanta office, alleging that he had been constructively discharged from his position due to his race (white) and his religion (Jewish). Cohn and the EEOC agreed to a consent decree that, in part, required the EEOC to consider Mr. Cohn's constructive service and not his actual service in evaluating him for any future position.

Two months later, the Atlanta EEOC office had two vacancies for attorneys at a higher level than the one in which Cohn was then classified. Six candidates, including Cohn, were certified as eligible for appointment. Two others, both white and both Jewish, were given the promotions. Cohn then filed a district court contempt motion, and the district court found that the Assistant General Counsel, in evaluating the candidates, relied upon the recommendations of supervisors who were "not informed of or aware of the decree's requirements." The district court also noted without inference that one of the candidates (a female) " 'took the Fifth' with regard to questions bearing on whether she had received employment favors by reason of her sexual relations with defendant's supervisory staff . . . ."

To enforce its earlier consent decree, the district court ordered the EEOC to vacate the two promotions and re-evaluate all candidates "and make new appointments thereto, scrupulously regarding the provisions of the consent decree as they relate to Mr. Cohn." The two lawyers who were initially awarded the promotions then sought to intervene to contest the contempt sanction ordered. Neither they nor the EEOC seeks to set aside the consent decree. Finding that the EEOC adequately represented the interests of the two lawyers, the district court denied the intervention.

Rule 24(a)(2) Fed.R.Civ.Pr., prescribes a four-step test for intervention of right where such intervention is not predicated on specific statutory authority. Rule 24(a)(2) provides:

Upon timely application anyone shall be permitted to intervene in an action: . .

(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Thus, a party seeking intervention of right must demonstrate a timely application; an interest relating to the property or transaction that is the subject of the action; the danger that such interest will be impaired; and the inadequacy of representation for his interest.

■ Had the applicants sought to intervene in Mr. Cohn's original suit, the possible detriment to their likelihood of promotion that might have been wrought by the award to Mr. Cohn of constructive service would not have constituted a sufficiently protectable interest to warrant intervention of right. *Donaldson v. United States,* 1971, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580. Their promotions and salary increases in October, 1976 created an interest in the transaction that was the subject of Mr. Cohn's contempt motion, but, at the outset of the contempt proceeding, that interest was adequately represented by the EEOC, which was assiduously defending the integrity of its promotion process.

At the present time, however, the applicants challenge neither the propriety of the initial relief nor the finding of contempt. Rather, they raise a genuine issue as to the validity of the sanction that the lower court imposes. Their interest in narrowing the range of possible sanctions differs from EEOC's interest in contesting contempt in the first place. That interest was not represented by any existing party even though

EEOC appears, in urging the applicants' right to intervene, to ally itself sympathetically with their position.

The issue raised on intervention is not merely a subterfuge to deprive Mr. Cohn of the relief to which he is entitled. Nor is it an attempt to relitigate the underlying findings of discrimination. If the intervenors were attempting no more than the re-examination of legal positions fully defended by an existing party, even a showing that they could raise an additional, untried line of attack would not necessarily demonstrate that their interests had been represented inadequately. But, here, the applicants contend that the sanction imposed infringed illegally and unnecessarily on their individual rights. They have raised at least a non-frivolous issue that the court below should consider fully with regard to the propriety of the remedy imposed.[1]

In response to the plaintiff's contempt motion, the court below merely ordered the EEOC to vacate the two positions filled and to make a new evaluation of all applicants. The intervenors have obtained leave to file, and have supplied materials filed in the district court subsequent to the original sanction; these show that, as a result of the EEOC's "Second Report Concerning Compliance with Order of April 6, 1977 and Subsequent Orders," which argued that the EEOC could not purge itself of contempt by complying with the terms of the consent decree, the court below reconsidered the contempt sanction and ordered Mr. Cohn promoted to the position of GS–14. The parties have raised a factual dispute concerning whether this is a *third* GS–14 position or whether it pre-empts one of the two positions originally vacant. If two GS–14 positions are still open, both intervenors

---

1. In *Franks v. Bowman Transportation Co.,* 1976, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444, the court held that a victim of discrimination occurring after passage of Title VII might be awarded a "position in the seniority system that would have been his had he been hired at the time of his application." 424 U.S. at 765–66, 96 S.Ct. at 1265. Obviously this remedy deprives other persons who did not themselves participate in discriminatory conduct of seniority rights they would have had. The intervenors' argument that the sanction for a contemptuous act must be directed only at the person who committed the contempt and may not in any event affect others who may have benefitted (however innocently) by that act, is contrary to the logic of *Franks.* While we do not at this time intimate any opinion on the merits, we note that the usual remedy for a civil contempt is to require the offender to purge himself.

may yet be promoted. If only one GS–14 position is open, no more than one of the intervenors can now be promoted to GS–14. Even so, it is possible that one will be promoted, and that the controversy as to that intervenor will become moot. The district court has made no findings concerning the factual issues raised in the filings subsequent to the appeal, nor has the EEOC, apparently, concluded the filling of vacancies at the GS–14 level. It would be premature for this court to attempt to adjudicate the substantive issues in the case while events are still unfolding. Instead, we remand the case to permit the intervenors to be heard with respect to the contempt sanction imposed and the relief subsequently ordered.

It is for the court below first to reconsider not only the original sanction, but also its subsequent orders, giving full consideration to the intervenors' position. The EEOC must also be afforded an opportunity to state its position with respect to the position or positions that would remain vacant if, after these proceedings, the trial court should affirm the action it has taken since this appeal was lodged. We do not regard any statement in the lower court's earlier opinion as an adjudication of the main issue raised by the intervenors. We cannot forecast either the EEOC's ultimate actions, the trial court's eventual order, or the effect of that order on the interests of either or both intervenors, and we do not now indicate any opinion concerning what disposition it should eventually make of any of these issues. Nor do we now intimate any opinion concerning the substantive issues sought to be raised in this appeal.

For these reasons, the court's order denying the applicants' motion to intervene is REVERSED. The intervenors shall be permitted to file a motion to reconsider the court's orders of April 6, 1977, May 7, 1977, and October 26, 1977, and any subsequent orders. They may participate in any further proceeding in this matter that may affect them. The case is remanded for further proceedings in accordance with this opinion.