In re NATIONAL BUY-RITE,
INC., Debtor.

William G. McDANIEL, Trustee,
Plaintiff,

v.

AMERICAN DRUGGISTS' INSURANCE
COMPANY, Timothy A. Siler and
Lawrence D. Mabry, Defendants.

Bankruptcy No. 80-00309A.
Adv. No. 80-0231A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

April 15, 1981.

**192**

Alan L. Dye, McDaniel, Chorey & Taylor, Atlanta, Ga., for plaintiff.

Jeffrey W. Morris and Paul T. Carroll, Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, Ga., for Sumner Communications, Inc.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

The motion of Sumner Communications, Inc. d/b/a Sumner, Inc. to intervene in the instant adversary proceeding brought the matter involved herein before the Court. Upon consideration of this motion, the briefs of the parties and the pleadings on file, the Court makes the following entry.

## FINDINGS OF FACT

National Buy-Rite, ("Debtor"), was a corporation engaged in the business of providing buying services to its members. Debtor was required by the law of the State of Georgia to maintain a surety bond payable to the Governor of Georgia to cover any losses sustained by its members as a result of the Debtor's fraudulent misrepresentation or breach of contract. American Druggists Insurance Company, ("American Druggists"), served as a surety for Debtor pursuant to a contract entered into on August 14, 1979. The liability of American Druggists was limited to $25,000.00. Debtor was required to deposit $12,500.00 with American Druggists as collateral for the surety contract by the terms of a "Collateral Security Receipt and Agreement".

Debtor filed a petition under Chapter 7 of Title 11 of the United States Code on January 31, 1980, and William G. McDaniel, ("Plaintiff"), was appointed trustee. On March 19, 1980 Plaintiff commenced the instant adversary proceeding to recover the $12,500.00 security deposit, ("the deposit"), held by American Druggists.

Timothy A. Siler, ("Siler"), claims to have a security interest in the deposit. Siler and Lawrence A. Mabry, ("Mabry"), who allegedly was the vice president and a director of Debtor, guaranteed certain obligations of Debtor. Debtor, Siler and Mabry entered into a security agreement on August 24, 1979 in which Debtor pledged the deposit held by American Druggists as security for the guarantees. American Druggists was notified by Siler in a letter dated August 24, 1979 that Siler and Mabry claimed a security interest in the deposit.

Plaintiff claims that the deposit is property which may be used, sold or leased under 11 U.S.C. § 363 and therefore must be turned over to Plaintiff pursuant to 11 U.S.C. § 542(a). Siler claims a perfected security interest in the deposit and has requested the Court to order Plaintiff to hold the deposit until such time as it is determined whether or not Siler will sustain any loss as a result of his guarantee. Plaintiff contends that this security interest was not properly perfected and is therefore invalid. American Druggists claims an equitable interest in the deposit and has requested the Court's permission to retain this fund until all claims under the surety bond have been satisfied in full.

On July .11, 1980 Sumner Communications, Inc. d/b/a Sumner, Inc., ("Sumner"), filed a motion to intervene as a party defendant in this adversary proceeding pursuant to subsections (a) and (b) of Rule 24 of the F.R.Civ.P. Sumner provided advertising and promotional services to Debtor prior to the institution of Debtor's bankruptcy proceedings. To induce Sumner to continue providing services to Debtor, defendants Siler and Mabry guaranteed the indebtedness of Debtor to Sumner. Because the guarantees of Siler and Mabry are allegedly secured by the deposit, Sumner claims to have a direct interest in any actions which might affect the deposits or Siler's and Mabry's interest therein. There is presently pending in a Georgia state court an action on the guarantee brought by Sumner against Siler.

### APPLICABLE LAW

*I. Intervention as a Matter of Right*

■ Rule 24(a) of the F.R. of Civ.P. governs intervention of right. To intervene as a matter of right in a pending action a party must demonstrate: (1) a timely application; (2) an interest relating to the property or transaction that .is the subject of the action; (3) the danger that such interest will be impaired; and (4) the inadequacy of representation for his interest. *Cohn v. Equal Employment Opportunity Commission*, 569 F.2d 909 (5th Cir. 1978). If the

potential. intervenor fails to meet any one of these four requirements he may not intervene as a matter of right. *International Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964 (5th Cir. 1978).

■ The question of the timeliness is a matter within the discretion of the trial court and is determined from all of the circumstances of the case. *United States v. United States Steel Corporation*, 548 F.2d 1232 (5th Cir. 1977). In the instant case it appears that Sumner was reasonably prompt in filing its motion to intervene as less than four months elapsed between the commencement of this case and the filing of Sumner's motion. There has been no final decision on the merits. A motion for judgment on the pleadings filed by defendant Siler was denied by this Court on August 29, 1980, and there is presently pending Plaintiff's motion for summary judgment. Considering the posture of this case it is unlikely that the existing parties will suffer any prejudice if intervention is allowed other than the inconvenience of having to respond to Sumner's assertions. Therefore the Court concludes that Sumner's motion to intervene was timely filed.

■ Rule 24(a) of the F.R.Civ.P. requires the intervening party to have an interest relating to the property or transaction that is the subject of the action. Although there is no clear cut test to determine the nature of the interest required for intervention of right, the Fifth Circuit has held that intervention requires a direct, substantial, legally protectable interest in the proceedings. *United States v. Perry County Board of Education*, 567 F.2d 277 (5th Cir. 1978). In *Diaz v. The Southern Drilling Corporation*, 427 F.2d 1118, 1124 (5th Cir. 1970) cert. denied sub nom. *Trefina, A. G. v. United States*, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970) the Court said:

> "We do not believe, however, that the interest has to be of a legal nature identical to that of the claims asserted in the main action. All that is required by the terms of the rule is an interest in the property or other rights that are at issue,

194

provided the other elements of intervention are present."

Sumner contends that the alleged security interest of Siler and Mabry in the deposit held by American Druggists was created and exists for the benefit of Sumner. Especially Sumner claims an interest in the deposit as a third party beneficiary of the security agreement entered into by Debtor, Siler and Mabry. The Court must determine whether Sumner is, in fact, a third party beneficiary of the security agreement and whether the status of third party beneficiary would give Sumner a direct, substantial, legally protectable interest in the deposit.

■ A third party beneficiary contract is one in which the promisor undertakes an obligation to the promisee to render some performance to a third person. *LDH Properties, Inc. v. Morgan Guaranty Trust Company of New York*, 145 Ga.App. 132, 243 S.E.2d 278 (1978). It must clearly appear from the contract that it was intended for the benefit of a third party. The mere fact that a person would benefit from the performance of the agreement is not sufficient to make that person a third party beneficiary. *Backus v. Chilivis*, 236 Ga. 500, 224 S.E.2d 370 (1976).

■ Generally an action on a contract must be brought in the name of the person in whom legal interest in the contract is vested. Ga.Code Ann. § 3–108; *Tanner v. Tanner*, 106 Ga.App. 270, 126 S.E.2d 838 (1962). However § 3–108 provides: "The beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on said contract".

■ It appears that by the terms of Ga. Code Ann. § 3–108 a third party has a legally protectable interest in a contract made for his benefit. Therefore if Sumner is a third party beneficiary of the agreement which created the security interest of Siler and Mabry, Sumner has a legally protectable interest sufficient to require intervention of right.

No copy of the security agreement executed by Siler, Mabry and Debtor has been submitted by any party to this dispute. Consequently the Court is precluded from making a determination as to whether or not Sumner is a third party beneficiary of this contract. Under these circumstances the Court is compelled to conclude that Sumner failed to establish that it has an interest relating to the property or transaction that is the subject of this action by virtue of its status as third party beneficiary of the security agreement.

By guaranteeing the debts owed by Debtor to Sumner, Siler and Mabry became secondarily liable for this indebtedness. *Nichols v. Miller*, 91 Ga.App. 99, 84 S.E.2d 841 (1954); *Ferguson v. Atlanta Newspapers, Inc.*, 91 Ga.App. 115, 85 S.E.2d 72 (1954). Absent proof that Sumner is the beneficiary of the security agreement, Sumner's interest in this case is composed merely of an interest in the ability of Siler and Mabry to satisfy their guarantees. In *Hawaii-Pacific Venture Capital Corp. v. Rothbard*, 564 F.2d 1343 (9th Cir. 1977), a class action suit, it was held that intervention as of right cannot be allowed on the ground that the outcome of a suit may increase or decrease the collectibility of a claim. Other courts have held that a third person's contingent interest in the outcome of pending litigation is not sufficient to justify intervention. *Liberty Mutual Insurance Company v. Pacific Indemnity Company*, 76 F.R.D. 656 (W.D.Pa.1977); *Kheel v. American Steamship Owners Mutual Protection and Indemnity Association*, 45 F.R.D. 281 (S.D.N.Y. 1968).

It may be said that Sumner has a somewhat indirect interest in the deposit for the validity of Siler's and Mabry's security interest therein may affect their ability to satisfy their guarantees. However this interest is not of the direct, substantially and legally protectable nature required by Rule 24(a)(2). Therefore Sumner may not intervene in this action as of right.

In accordance with the foregoing the Court determines that Sumner's motion to intervene under Rule 24(a) of the F.R. of Civ.P. must be denied.

## II. *Permissive Intervention*

██ Rule 24(b)(2) of the F.R.Civ.P. provides for permissive intervention when an applicant's claim or defense and the main action have a question of law or fact in common. The determination of whether permission intervention is proper in a case is a two-step process. It must first be determined whether the applicant's claim or defense and the main action share common questions of law or fact. If this requirement is fulfilled the court must exercise its discretion in determining whether intervention should be allowed. *Stallworth v. Monsanto Company*, 558 F.2d 257 (5th Cir. 1977). It was said by the Supreme Court in *Securities and Exchange Commission v. United States Realty and Improvement Co.*, 310 U.S. 434, 459, 60 S.Ct. 1044, 1054, 84 L.Ed. 1293 (1939), "This provision [Rule 24(b)(2)] plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." Thus the claim or defense clause of Rule 24(b)(2) is generally given a liberal construction. *Stallworth v. Monsanto, supra; In re: Estelle*, 516 F.2d 480 (5th Cir. 1975).

The claims of Siler and Sumner must be examined to determine whether they have common questions of law or fact. Siler claims a perfected security interest in the deposit. Sumner claims that the security agreement which created Siler's security interest was entered into for the benefit of Sumner. The facts pertinent to the claim of Siler include those surrounding the execution of the guarantee by Siler and Mabry, the creation of the security interest of Siler and Mabry in the deposit, and the alleged perfection of that security interest. Certainly these facts are also relevant to Sumner's claim.

The legal issue presented by Siler's claim is whether the security interest was properly perfected. Sumner claims that the security agreement in question was entered into for the direct benefit of Sumner. If this assertion is correct, Sumner has standing to enforce this contract under Ga.Code Ann. § 3–108. Part of the enforcement of this contract may entail defending against challenges to the validity of the security interest such as that presented by Plaintiff's complaint. Therefore the claims of Sumner and Siler share common legal issues.

██ It appears that the presence of common factual and legal issues with regard to the claims of Siler and Sumner would permit intervention pursuant to Rule 24(b)(2). However, a party has standing to prosecute a suit in federal court only if he is the real party in interest. This rule applies to intervenors as well as to the original parties to the suit. *United States v. 936.71 Acres of Land, More or Less, in Brevard County, State of Florida*, 418 F.2d 551 (5th Cir. 1969). Sumner's standing depends on whether Sumner actually is the third party beneficiary of the security agreement. This Court has no evidence from which it may be determined that Sumner is the beneficiary of the security agreement. Therefore the Court cannot make a determination as to Sumner's standing to enforce this contract. Under these circumstances the Court concludes that permissive intervention should not be allowed.

### CONCLUSIONS OF LAW

1. Sumner failed to establish that it has a direct, substantial, legally protectable interest in the subject matter of this action. Therefore Sumner may not intervene in this action under Rule 24(a) of the F.R.Civ.P.

2. Sumner failed to establish that it has standing to assert a claim to the deposit held by American Druggists. Under these circumstances Sumner may not intervene in this action under Rule 24(b) of the F.R. Civ.P. It is therefore

ORDERED that the motion to intervene filed by Sumner shall be and same is hereby denied.

So ORDERED.